1  LINDA WENDELL HSU   (SBN 162971)
2  SELMAN BREITMAN LLP
   33 New Montgomery, Sixth Floor
3  San Francisco, CA  94105
   Telephone: (415) 979-0400
4  Facsimile: (415) 979-2099

5  Attorney for Defendant
   Scottsdale Indemnity Company

6

7                UNITED STATES DISTRICT COURT

8               NORTHERN DISTRICT OF CALIFORNIA

9

10 CLARENCE JONATHON WOOD and HEIDI    CASE NO.  CV 08 3335 SBA
   COLLINGWOOD,

11         Plaintiffs,
                                       **CERTIFICATE OF SERVICE OF NOTICE**
12    v.                               **TO ADVERSE PARTY OF REMOVAL TO**
                                       **FEDERAL COURT**
13 SCOTTSDALE INDEMNITY CO.; and
   DOES 1 to 100, inclusive,

14         Defendants.

15

16

17

18     Laura Talesnik certifies and declares as follows:

19     I am over the age of 18 years and not a party to this

20 action.

21     My business address is Selman Breitman, LLP, 33 New

22 Montgomery Street, 6th Floor, San Francisco, California 94105,

23 which is located in the city, county and state where the mailing

24 described below took place.

25     On July 14, 2008, I deposited in the United States Mail at

26 San Francisco, California, a copy of the Notice to Adverse Party

27 of Removal to Federal Court dated July 10, 2008 as well as a copy

28 of the Federal Court filed Notice of Removal with supplementary

                                   1

Selman Breitman LLP
ATTORNEYS AT LAW

153521.1 380.25532

documents as required by Northern District Local Rule 4-2, copies of which are attached to this Certificate, and the brochure entitled "Consenting To A Magistrate Judge's Jurisdiction In The Northern District of California", which is not attached to this Certificate.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this __14th__ day of July 2008, at San Francisco, California.

By: _Laura Talesnik_
LAURA TALESNIK

Selman Breitman LLP
ATTORNEYS AT LAW

153521.1  380.25532

2

Certificate of Service of Notice to Adverse Party of Removal to Federal Court
CV 08 3335 SBA

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
Clarence Jonathan Wood and Heidi Collingwood

**DEFENDANTS**
Scottsdale Indemnity Company

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
David P. Dibble
Law Offices of David P. Dibble
123 F. Street, Suite D
Eureka, CA 95501 (707) 444-9330

Attorneys (If Known)
Linda Wendell Hsu
Selman Breitman LLP
33 New Montgomery, Sixth Floor
San Francisco, CA 94105

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | | | & Disclosure Act | | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | Security Act | ☐ 871 IRS—Third Party | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | ☐ 900 Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities— | ☐ 540 Mandamus & Other | **IMMIGRATION** | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | to Justice |
| | ☐ 446 Amer. w/Disabilities— | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus — | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original
Proceeding

☒ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1441 (b)
Brief description of cause:
Plaintiffs seek satisfaction of a wrongful death action judgment from Scottsdale

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE
July 10, 2008

SIGNATURE OF ATTORNEY OF RECORD



1   LINDA WENDELL HSU (SBN 162971)
    SELMAN BREITMAN LLP
2   33 New Montgomery, Sixth Floor
    San Francisco, CA  94105
3   Telephone: (415) 979-0400
    Facsimile: (415) 979-2099
4
    Attorney for Defendant
5   Scottsdale Indemnity Company

6

7                UNITED STATES DISTRICT COURT

8               NORTHERN DISTRICT OF CALIFORNIA

9

10  CLARENCE JONATHON WOOD and HEIDI          CASE NO.
    COLLINGWOOD,                              CV  08    3335
11
              Plaintiffs,
                                             NOTICE OF REMOVAL OF ACTION
12       v.                                   UNDER 28 U.S.C. §1441(b)
                                              (DIVERSITY)
13  SCOTTSDALE INDEMNITY COMPANY;
    and DOES 1 to 100, inclusive,
14
              Defendants.
15

16

17

18      TO THE CLERK OF THE ABOVE-ENTITLED COURT:

19      PLEASE TAKE NOTICE that defendant Scottsdale Indemnity

20  Company (hereafter referred to as "SCOTTSDALE") hereby removes to

21  this Court the state court action described below.

22      1.   On May 23, 2008 an action was commenced in the Superior

23  Court of the State of California in and for the County of

24  Humboldt, entitled Clarence Jonathon Wood and Heidi Collingwood

25  Plaintiffs, vs. Scottsdale Indemnity Company Defendants, as Case

26  Number DR080473.  A true and correct copy of that complaint is

27  attached hereto as Exhibit "A".

28      2.   The first date upon which defendant SCOTTSDALE received

1

153383.1 380.25532

1   a copy of the said complaint was on June 10, 2008, when defendant

2   was served with a copy of the said complaint and a summons from

3   the said state court.  A copy of the summons is attached hereto

4   as Exhibit "B".

5       3.   This section is a civil action of which this Court has

6   original jurisdiction under 28 U.S.C. § 1332, and is one which

7   may be removed to this Court by defendant pursuant to the

8   provisions of 28 U.S.C. § 1441(b) in that it is a civil action

9   between citizens of different states and the matter in

10  controversy exceeds the sum of $75,000, exclusive of interest and

11  costs because plaintiffs have a judgment in the amount of $4.2

12  million for which they seek satisfaction from SCOTTSDALE.

13      4.   Complete diversity of citizenship exists in that:

14  Plaintiff Clarence Jonathon Wood is a citizen of the State of

15  California; Plaintiff Heidi Collingwood is a citizen of the State

16  of California; and Defendant SCOTTSDALE was and is a corporation

17  incorporated under the laws of the State of Ohio and having its

18  principal place of business in the State of Arizona and is the

19  only defendant that has been served with summons and complaint in

20  this action.

21

22

DATED: July 10, 2008        SELMAN BREITMAN LLP

23

24

                        By: _____
25
                            LINDA WENDELL HSU
26                          Attorney for Defendant
                            SCOTTSDALE INDEMNITY COMPANY
27

28

NOTICE OF REMOVAL OF ACTION; UNDER 28 U.S.C. §1441(b)

153383.1 380.25532

Selman Breitman LLP
ATTORNEYS AT LAW

# **<u>EXHIBIT A</u>**

1 | David P. Dibble, Esq. #73938
2 | LAW OFFICES OF DAVID P. DIBBLE
  | 123 F Street, Ste. D
  | Eureka, CA 95501
3 | (707) 444-9330
  | Attorneys for Plaintiff Clarence Jonathon Wood
4 |
5 | Zachary E. Zwerdling, Esq. #73288
  | LAW OFFICE OF ZACHARY E. ZWERDLING
  | 123 F St., Ste. C
6 | Eureka, CA 95501
  | (707) 445-9628
7 | Attorneys for Plaintiff Heidi Collingwood

**FILED**

Olga &. MAY 2 3 2008

SUPERIOR COURT OF CALIFORNIA
COUNTY OF HUMBOLDT

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF HUMBOLDT

CLARENCE JONATHON WOOD and
HEIDI COLLINGWOOD,

NO. **DR 080473**

Plaintiff,

**COMPLAINT FOR DAMAGES;
BREACH OF CONTRACT; TORTIOUS
BREACH OF THE COVENANT OF
GOOD FAITH AND FAIR DEALING**

vs.

SCOTTSDALE INDEMNITY CO., and
DOES 1 through 100, inclusive,

RECEIVED

JUN 11 2008

Defendants.

CLAIMS LEGAL

**GENERAL ALLEGATIONS**

1.      Plaintiffs are unaware of the true names or capacities of the defendants named herein as "DOE", and therefore sue said defendants by such fictitious names and will amend and insert the true names of said defendants when the true names, identities and acts giving rise to their liability in regard to the above-entitled action become known to plaintiffs. Plaintiffs are informed and believe and thereon allege that each of the defendants designated as a "DOE" is responsible, in some manner, for the events and happenings herein referred to, and caused injuries and damages proximately thereby to plaintiffs as hereinafter set forth.

2.      At all times herein mentioned, defendants, and each of them, were the agents, servants and employees of each of the remaining defendants, and in doing all of the things herein mentioned were acting in the scope of such agency with the consent of each of the remaining defendants.

Complaint for Damages - Breach of Contract; Tortious Breach of the Covenant of Good Faith and Fair Dealing 1

06/12/2008 09:31 FAX                                                                                    ☑ 004/010

3.      At all times herein mentioned, plaintiffs Clarence Jonathan Wood and Heidi Collingwood were the natural parents and sole surviving heirs at law of Kayla Wood, deceased.

4.      At all times herein mentioned, defendants Scottsdale Indemnity Co. and Does 1 through 10, and each of them, were and are corporations authorized to do business in the State of California in the business of insurance.   At all times herein mentioned, defendants Scottsdale Indemnity Co. and Does 1 through 10 and each of them conducted the business of insurance in the State of California.

5.      On or about June 15, 2001, defendants Scottsdale Indemnity Co. and Does 1 though 10, and each of them, issued a policy of insurance entitled "Personal Umbrella Liability Policy", policy number PUI 0020229, with liability limits in the amount of $1,000,000.00 to Ralph L. and Pamela W. Lindstrom, residents of Humboldt County, California (hereinafter referred to as "the Scottsdale policy"). The Scottsdale policy provides that the insurer will pay on behalf of its insureds the sums said insureds become legally obligated to pay in excess of the underlying limits because of bodily injury caused by an occurrence. The Schedule of Underlying Insurance in the Scottsdale policy references a homeowners policy issued to Ralph and Pamela Lindstrom by Hartford Casualty Insurance Co. with policy limits in the amount of $500,000. In addition to the Hartford policy, although not listed as underlying coverage in the Scottsdale policy, was a homeowners policy issued to Ralph and Pamela Lindstrom by Foremost Insurance Company with limits of $300,000.00. The Scottsdale excess policy was in effect from May 31, 2001 to May 31, 2002.

6.      At all times herein mentioned, under the provisions of the above-mentioned insurance policy, defendants Scottsdale Indemnity Co. and Does 1through 10, and each of them, had the duty to the insureds thereunder to defend them against any action brought against them and to pay indemnity for liability within the scope of the coverage of said insurance policy.

7.      At all times herein mentioned, there was implied by law in said insurance contract a covenant, promise and duty that defendants, and each of them, would deal in good faith with the insureds thereunder.

///

---

Complaint for Damages - Breach of Contract; Tortious Breach of the Covenant of Good Faith and Fair Dealing 2

8.    At all times herein mentioned, Kimberly Holz Lindstrom was an insured within the definitions of the Scottsdale policy with respect to the allegations of the complaints filed against her by Clarence Jonathon Wood and Heidi Collingwood in the underlying action as hereinafter set forth.

9.    A condition of liability under the Scottsdale policy was that the underlying limits shall have been paid or the insured have become legally obligated to pay the limits of the underlying Hartford homeowners policy.

10.    On or about May 25, 2002, within the policy period, while staying with and under the control of the insureds Ralph L. and Pamela W. Lindstrom and their daughter Kimberly Holz Lindstrom, Kayla Wood, age 12 at that time, drowned in the Trinity River while on an inner tubing trip. Kimberly Holz Lindstrom was the sole responsible adult on that trip.

11.    On or about July 12, 2002, Kayla Wood's mother, plaintiff herein Heidi Collingwood, filed an action in Humboldt County Superior Court against Ralph and Pamela Lindstrom and Kimberly Holz Lindstrom for damages for negligently causing the death of Kayla Wood. On or about November 7, 2002, Kayla Wood's father, plaintiff herein Clarence Jonathon Wood, filed an action for damages against Ralph and Pamela Lindstrom and Kimberly Holz Lindstrom in Humboldt County Superior Court for negligently causing the death of Kayla Wood. Thereafter, the two actions were consolidated by the Court for all purposes and are hereinafter referred to as "the underlying action".

12.    At some time between July 12, 2002 and June 2, 2004, defendants were put on notice of the underlying action against Kimberly Holz Lindstrom.

13.    On or about June 2, 2004, the Court entered judgment in favor of Ralph and Pamela Lindstrom and against plaintiffs in the underlying action and the underlying action thereafter proceeded against defendant Kimberly Holz Lindstrom only.

14.    From and after December 16, 2005, through and including April 24, 2006, defendants Scottsdale Indemnity Co. and Does 1 through 10, and each of them, were advised that the underlying action was coming up for Settlement Conference and Trial and were provided the specific dates for those hearings. Further, defendants, and each of them, were advised that plaintiffs

---

Complaint for Damages – Breach of Contract; Tortious Breach of the Covenant of Good Faith and Fair Dealing 3

1  in the underlying action contended that Kimberly Holz Lindstrom was an insured under the Scottsdale

2  policy and that claims would be made against the Scottsdale policy. Defendants, and each of them,

3  were invited to participate in settlement negotiations between plaintiffs and Kimberly Holz Lindstrom

4  leading up to trial.

5        15.   At all times herein mentioned, defendants, and each of them, failed and refused

6  to participate in any manner in settlement negotiations between plaintiffs and Kimberly Holz

7  Lindstrom in the underlying action.

8        16.   On or about April 24, 2006, plaintiffs in the underlying action settled their

9  cases against Kimberly Holz Lindstrom in open court on the record. The terms of the settlement are

10  as follows:  payment of the amount of $800,000 paid by Hartford Casualty Co. and Foremost

11  Insurance Co. for their primary insurance policy limits on behalf of Kimberly Lindstrom, in exchange

12  for a covenant by plaintiffs not to execute upon any judgment against Kimberly Holz Lindstrom's

13  personal assets other than to the extent that she is afforded coverage by insurance companies other

14  than Hartford and Foremost; an assignment by Kimberly Holz Lindstrom of any and all causes of

15  action she may have against insurance carriers other than Hartford and Foremost; a stipulation that

16  Ms. Lindstrom was legally liable for and caused the damages sustained by the plaintiffs; and that the

17  Humboldt County Superior Court would determine the amount of the plaintiffs' damages after trial

18  of that issue.

19        17.   Defendants Scottsdale Indemnity Co. and Does 1 through 10 and each of them

20  were advised by plaintiffs in the underlying action on April 26, 2006 of the foregoing settlement

21  agreement and that plaintiffs contended that Kimberly Lindstrom was an insured under the Scottsdale

22  policy. Plaintiffs demanded payment of the $1,000,000.00 limits of the Scottsdale policy in full and

23  final settlement of all claims against Ms. Lindstrom and demanded that it be paid within 30 days of

24  that date. Subsequently, the time for response to that demand was extended to June 12, 2006. On

25  or about June 5, 2006, defendants expressly declined coverage and a defense to Kimberly Holz

26  Lindstrom. Further, defendants failed to offer or to pay any amounts under the policy to settle the

27  claims of plaintiffs against Kimberly Holz Lindstrom and failed and refused to provide Kimberly Holz

28  Lindstrom with a defense in the underlying g action..

Complaint for Damages - Breach of Contract; Tortious Breach of the Covenant of Good Faith and Fair Dealing 4

1       18.    On or about June 16, 2006, Kimberly Holz Lindstrom assigned any and all

2   causes of action she had against Scottsdale Indemnity Co. to plaintiffs Clarence Jonathon Wood and

3   Heidi Collingwood.

4       19.    On or about August 14, 2006, the underlying action proceeded to trial in

5   Department 3 of the Humbodt County Superior Court, Hon. Christopher G. Wilson presiding. On

6   or about August 30, 2006, Judge Wilson entered judgment against Kimberly Lindstrom in the amount

7   of $5 million plus recoverable costs.  Thereafter, plaintiff Clarence Jonathon Wood filed a cost bill

8   in the amount of $3,686.86; plaintiff Heidi Collingwood filed a cost bill in the amount of $4,754.56.

9   Said judgment has become final against Kimberly Holz Lindstrom.

10      20.    Plaintiffs Clarence Jonathon Wood and Heidi Collingwood bring this action

11  as judgment creditors of Kimberly Holz Lindstrom pursuant to the Scottsdale policy and California

12  Insurance Code §11580(b)(2) to the extent that said insurance policy provides coverage to her, and

13  as assignees of all causes of action held by Kimberly Holz Lindstrom to the extent that defendants

14  breached said contract and the covenant of good faith and fair dealing implicit therein and caused

15  Kimberly Holz Lindstrom to suffer liability in excess of said policy limits.

16                   **FIRST CAUSE OF ACTION - BREACH OF CONTRACT**

17      21.    In doing the things herein mentioned, defendants Scottsdale Indemnity Co. and

18  Does 1 through 10, and each of them, breached the contract of insurance herein mentioned. Kimberly

19  Lindstrom was at all times herein mentioned an insured within the meaning of the Scottsdale policy

20  and said policy provided personal liability insurance coverage to Kimberly Lindstrom for the acts

21  alleged in the complaints in the underlying action. Defendants, and each of them, failed and refused

22  to comply with their obligations under said contract to defend and indemnify Kimberly Holz

23  Lindstrom against the allegations of the complaint in the underlying action.

24      22.    As a direct, proximate and legal result of defendants' breach of the contract

25  of insurance as set forth herein, plaintiffs herein obtained a judgment against Kimberly Holz

26  Lindstrom in excess of the underlying insurance policy limits by $4,200,000. Plaintiffs herein thereby

27  became judgment creditors of Kimberly Holz Lindstrom in said amount and herein seek to obtain the

28  insurance policy limits of the policy issued by defendants in the amount of $1,000,000.00.

---

Complaint for Damages - Breach of Contract; Tortious Breach of the Covenant of Good Faith and Fair Dealing 5

23.     As a further direct, proximate and legal result of the breach of contract by defendants as set forth herein, plaintiffs have been caused and will continue to be caused to suffer costs and expenses of litigation and attorney's fees to obtain the benefits of said insurance policy in an amount according to proof.

WHEREFORE, plaintiffs pray for judgment against defendants as hereinafter alleged.

### SECOND CAUSE OF ACTION - TORTIOUS BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

24.     Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 22 of this Complaint as if set forth fully herein.

25.     In doing the things herein mentioned, defendants, and each of them, breached their covenant, promise and duty to deal in good faith with their insured, Kimberly Holz Lindstrom. More specifically, defendants unreasonably and without proper cause failed and refused to comply with their obligations under said contract to defend and indemnify the insured Kimberly Holz Lindstrom and to accept a reasonable offer to settle the underlying action against her within the limits of defendant's policy as set forth herein.

26.     As a direct, proximate and legal result of the breach of the covenant of good faith and fair dealing as set forth herein, the insured Kimberly Holz Lindstrom was caused to suffer a judgment to be entered against her in excess of the limits of the underlying insurance policies in the amount of $4,200,000.

WHEREFORE, plaintiffs pray for judgment against defendants, and each of them, as follows:

1.     For the limits of the Scottsdale policy in the amount of $1,000,000.00;

2.     For the excess judgment entered against Kimberly Holz Lindstrom in the amount of $4,200,000.00, plus costs awarded in the underlying action;

3.     For attorneys fees incurred by plaintiffs in obtaining the benefits of the contract as set forth herein, according to proof;

4.     For interest on all recoverable amounts, according to proof;

5.     For costs of litigations, and;

Complaint for Damages - Breach of Contract; Tortious Breach of the Covenant of Good Faith and Fair Dealing 6

06/12/2008 09:33 FAX                                                              ☑009/010



6.    For such other and further relief as the Court may deem appropriate.

DATED:    May 22, 2008        LAW OFFICES OF DAVID P. DIBBLE

By:    _____
       David P. Dibble, Esq., attorneys for Plaintiff Clarence
       Jonathon Wood

DATED:    5/22/08             LAW OFFICES OF ZACHARY E. ZWERDLING

By:    _____
       Zachary E. Zwerdling, Esq., attorneys for Plaintiff
       Heidi Collingwood

Complaint for Damages - Breach of Contract; Tortious Breach of the Covenant of Good Faith and Fair Dealing 7

06/12/2008 09:33 FAX                                                      ☑010/010

DAVID P. DIBBLE, ESQ.  (CSB# 73938)
LAW OFFICES OF DAVID P. DIBBLE
123 F Street, Suite D
Eureka, CA 95501
(707) 444-9330
Attorneys for Plaintiff Clarence Jonathon Wood

ZACHARY E. ZWERDLING (CSB# 73288)
LAW OFFICE OF ZACHARY E. ZWERDLING
123 F Street, Suite C
Eureka, California  95501
Telephone: 707-445-9628
Attorneys for Plaintiff Heidi Collingwood



FILED
MAY 2 9 2008
Karen C
SUPERIOR COURT OF CALIFORNIA
COUNTY OF HUMBOLDT

---

SUPERIOR COURT OF CALIFORNIA, COUNTY OF HUMBOLDT

| | |
|---|---|
| CLARENCE JONATHON WOOD and HEIDI COLLINGWOOD | CASE NO.  DR080473 |
| Plaintiffs, | **NOTICE OF INCLUSION IN DELAY REDUCTION PROGRAM** |
| vs. | **NOTICE OF CASE MANAGEMENT CONFERENCE** |
| SCOTTSDALE INDEMNITY CO. and Does 1 through 100, inclusive, | |
| Defendants. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that the above-entitled action has been included in the Delay Reduction Program of the County of Humboldt.  You are required to comply with the guidelines for program cases as set forth in California Rules of Court, Title 2, Division I., Chapters 1 through 4, and Humboldt County local rules, 6.1 through 6.4.

You are further advised that a CASE MANAGEMENT CONFERENCE in the above action has been scheduled FOR *Sept 15* 2008, at *8:30* a.m. in Department # *4* of the Humboldt Superior Court.  Initial CASE MANAGEMENT STATEMENT on Judicial Council form CM-110 shall be filed with the court and exchanged among the parties no later than 15 days before the Case Management Conference.

Dated:     MAY 2 9 2008

                                        KERRI L. KEENAN, CLERK

                                        By: _____, Deputy
                                                     Karen C.

---

NOTICE OF INCLUSION IN DELAY REDUCTION PROGRAM

06/12/2008 THU 09:27  [TX/RX NO 9683]  ☑010

# **EXHIBIT B**

06/12/2008 09:31 FAX                                                    @002/010

6/10    11:05 A.M.

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Scottsdale Indemnity Company, and Does 1 through 100, inclusive.

RECEIVED

JUN 1 1 2008

CLAIMS LEGAL

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Clarence Jonathon Wood and Heidi Collingwood

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

| The name and address of the court is: (El nombre y dirección de la corte es): SUPERIOR COURT OF CALIFORNIA, COUNTY OF HUMBOLDT 825 Fifth St., Eureka, CA 95501 | CASE NUMBER: (Número del Caso): D R 0 8 0 4 7 3 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
David P. Dibble, Esq. (Bar # 73938)          Phone No.: (707) 444-9330
David P. Dibble, Esq.                         Fax No.: (707) 443-0442
123 F Street, Suite D, Eureka, CA 95501

DATE:                    Clerk, by              Olga S.                    , Deputy
(Fecha) MAY 2 3 2008       (Secretario)                                    (Adjunta)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]

**COPY**

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): SCOTTSDALE INDEMNITY COMPANY
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

*LexisNexis® Automated California Judicial Council Forms*



LINDA WENDELL HSU (SBN 162971)
SELMAN BREITMAN LLP
33 New Montgomery, Sixth Floor
San Francisco, CA 94105
Telephone: (415) 979-0400
Facsimile: (415) 979-2099

Attorney for Defendant
Scottsdale Indemnity Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA



CLARENCE JONATHON WOOD and HEIDI
COLLINGWOOD,

        Plaintiffs,

    v.

SCOTTSDALE INDEMNITY COMPANY;
and DOES 1 to 100, inclusive,

        Defendants.

CASE NO.

CERTIFICATE OF INTERESTED
ENTITIES OR PERSONS

    Pursuant to Civil L. R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

///

///

///

1

CERTIFICATE OF INTERESTED ENTITIES OR PERSONS

1      1.    Nationwide Insurance Company (Scottsdale Indemnity

2    Company is a wholly owned subsidiary of Nationwide Insurance

3    Company).

4

5

    DATED: July 10, 2008          SELMAN BREITMAN LLP
6

7

                                  By:
8                                     LINDA WENDELL HSU
                                      Attorney for Defendant
9                                     SCOTTSDALE INDEMNITY COMPANY

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF INTERESTED ENTITIES OR PERSONS

153885.1 380.25532

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CLARENCE JONATHON WOOD,

Plaintiff (s),

v.

SCOTTSDALE INDEMNITY COMPANY,
Defendant(s).

No. C 08-03335 SBA

ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES

IT IS HEREBY ORDERED that this action is assigned to the Honorable Saundra B. Armstrong.  When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order    and all other documents specified in Civil Local Rule 4-2.  Counsel must comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3.  Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov.  A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

IT IS FURTHER ORDERED that plaintiff or removing defendant serve upon all parties the brochure entitled "Consenting To A Magistrate Judge's Jurisdiction In The Northern District Of California," additional copies of which can be downloaded from the following Internet site: http://www.cand.uscourts.gov.

## CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|------|-------|----------------|
| 7/10/2008 | Notice of removal filed | |
| 9/24/2008 | Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file ADR Certification signed by Parties and Counsel (form available at http://www.cand.uscourts.gov) | Civil L.R. 16-8 (b) & ADR L.R. 3-5(b) |
| | • file either Stipulation to ADR Process or Notice of Need for ADR Phone Conference (form available at http://www.cand.uscourts.gov) | Civil L.R. 16-8 (c) & ADR L.R. 3-5(b) & (c) |
| 10/8/2008 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1) Civil L.R. 16-9 |

10/15/2008    INITIAL CASE MANAGEMENT CONFERENCE    Civil L.R. 16-10
              (CMC) in Courtroom 3, 3rd Floor at 3:00 PM

## JUDGE ARMSTRONG'S STANDING ORDERS
### REVISED 6/16/08

1. Counsel are expected to consult and comply with all provisions of the Local Rules of Court relating to continuances, motions and all other matters.

2. **Civil Law & Motion will be held at 1:00 p.m.,** on Tuesdays. Criminal Law & Motion will be held at 9:00 a.m. on Tuesdays. Civil matters shall not be noticed for hearing on a Tuesday following an official court holiday that falls on a Monday.

3. The parties need not reserve a hearing date. However, the parties are advised to check the court's calendar at www.cand.uscourts.gov for the next available hearing date. Matter's are calendared on a first come first serve basis. You MUST submit a hard copy of all motion papers filed in E-FILED cases in order to be placed on calendar!!

4. Before appearing for a matter before this Court all parties shall check the court's calendar at www.cand.uscourts.gov to confirm that their matters are still on calendar.

5. **Meet and Confer Requirement;** All parties are required to meet and confer before filing any motion with this court, and to certify that they have complied with this requirement.

6. **Summary judgment/ adjudication:** The parties are not required to file statements of undisputed facts in connection with a motion for summary judgment. However, if the parties desire to file a statement of undisputed facts, only <u>one joint</u> statement of undisputed facts <u>signed</u> by <u>all parties</u> shall be filed. All separate statements will be stricken. If the parties are unable to agree that a fact is undisputed, they should assume that fact is in dispute.

7. **Proposed orders:** Each party filing or opposing a motion shall also serve and file a proposed order which sets forth the relief of action which includes that the party requests the Court to adopt, a short statement of the rationale of decision including citation to authority.

8. The failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute a consent to the granting of the motion.

9. **Criminal Law & Motion will be held at 9:00 a.m.,** on Tuesdays. Prior to a plea being entered in a criminal case, a copy of the plea agreement must be submitted to chambers no later then the Friday before the plea is to be taken. All persons pleading guilty must complete an application for permission to enter plea of guilty, which is available on the Court's website at www.cand.uscourts.gov.

10. **In All "E-Filing" Cases Effective Immediately,** when filing papers in connection with any motion or case management conference, the parties shall, in addition to filing papers electronically, lodge with the Clerk's Office a printed copy of the papers by the close of business the following day the papers are filed electronically. These printed copies shall be marked " Chambers Copy" and shall be submitted to the Clerk's Office, in an envelope clearly marked with the judge's name, case number and "E-Filing Chambers Copy." Parties shall not file a paper copy of any other document with the Clerk's Office that has already been filed electronically. You MUST submit a hard copy of all motion papers filed in E-FILED cases in order to be placed on calendar!!

In addition to the requirements set forth in the Civil L.R. 16-10, counsel are expected to comply with the following:

### A.    **Filing Case Management Statements**

Counsel are expected to comply with this Standing Order concerning the joint filing of the Case Management Statement. In preparing the Case Management Statement, the parties shall use the format enclosed herewith. Note that no party may submit a separate Case Management Statement. Disagreements among parties with respect to any of the matters contained in the Case Management Statement shall be set forth in the appropriate sections.

Counsel are further expected to file a Case Management Statement at least ten (10) days before each and every scheduled Case Management Conference conducted in this action. If there is no change in the status of the case from the time the last statement was filed, counsel shall indicate as such in a pleading and attach a copy of the most recently filed Case Management Statement to the pleading. Failure to timely file a Case Management Statement may result in sanctions.

### B.    **Appearance At The Case Management Conference**

Each party shall be represented at the Case Management Conference by Counsel prepared to address all of the matters referred to in this and the Civil L.R. 16-10 (b), and with authority to enter into stipulations and make admissions pursuant to this and Fed. R. Civ. P. 16(a) and (c). Representatives of the parties may, but are not required to, attend. Unless otherwise specified, all Case Management Conferences shall take place via telephone. Plaintiff or his/her counsel is responsible for setting up the conference call. Plaintiff or his/her counsel will be notified of the date and time of the telephone conference call by Clerk's Notice shortly after the case is filed.

Any request to reschedule the above dates shall be made in compliance with Civil L.R. 16-2(e) and must be made at least ten days prior to the date sought to be modified. Counsel shall not contact the chambers of Judge Armstrong regarding requests to modify provisions of this Standing Order; all requests must be submitted in writing and served on all parties to the action.

The parties should be prepared to address and resolve at the Case Management Conference the following: Setting the date and the estimated length of the trial; Setting the date for discovery and motion cutoff; Setting the date to designate experts and other witnesses; Setting the date for the pretrial Conference.

Other matters which the Court will take up at the Case Management Conference, in addition to those specified in the Joint Case Management Statement and Proposed Order Form, will include the following:

1.    **Jurisdiction:** Does this Court have subject matter jurisdiction over all of the plaintiff's claim(s) and defendant's counter-claim(s)? What is the bases of that jurisdiction? Are

all the parties subject to the Court's jurisdiction? Do any parties remain to be served?

2.    **Substance of the Action:** What are the factual and legal bases for plaintiff's claims, defendant's defenses, defendant's counter-claims and plaintiff's defenses to the counterclaims?

3.    **Identification of Issues:** What are the factual and legal issues genuinely in dispute?

4.    **Narrowing of Issues:** What are the issues that can be narrowed by agreement or by motions? Are there dispositive or partially dispositive issues appropriate for a decision by motion?

5.    **Motions:** What are the motion(s) anticipated by the parties?

6.    **Relief:** What relief does the plaintiff seek? What are the amount of damages sought by plaintiff's claim(s)? What are the amount of damages sought by defendant's counter-claim(s)? How are the damages computed?

7.    **Discovery:** What discovery does each party intend to pursue? Can discovery be limited in any manner? Are there any alternative methods available to obtain the necessary information? Should a discovery order and conference be entered pursuant to Fed. R. Civ. P. 26(f)?

8.    **Alternative Means of Disposition:** Is the case suitable for reference to binding arbitration, to a master, or to a magistrate for trial? Is the case suitable for reference to the Judicial Panel on Multidistrict Litigation?

9.    **Pretrial Conference and Trial Setting:** Will this case be tried by a jury? What is the anticipated length of trial? Is it possible to reduce the length of the trial by stipulation, use of summaries or statements, or other expedited means of presenting evidence? Is it feasible and desirable to bifurcate issues for trial?

10.    **Related Cases:** Are there any related cases pending before the judges of this Court? See Civil L.R. 3-12.

11.    **Cut-Off Dates:** When are the earliest reasonable dates for discovery cutoff, motion cutoff, pretrial conference and trial?

12.    **Settlement:** What are the prospects for settlement? Does any party wish to have a settlement conference with a magistrate? How can settlement efforts be assisted? See ADR L.R. 7-3.

13.    **Other Matters:** Such other matters as any party considers conducive to the just, speedy and inexpensive determination of this action. See Fed. R. Civ. P. 16(a) and (c).

C.    **Law and Motion Matters**

Law and Motion matters will be heard on Tuesdays at 1:00 p.m., in Courtroom 3 of the United States Courthouse, 1301 Clay Street, 3rd Floor, Oakland, California. Pursuant to Civil Local Rule 7-1, 7-2 and 7-3, all civil motions shall be noticed for a hearing not less than thirty-five (35) calendar days after service. The opposition and supporting papers shall be filed not less than twenty-one (21) days before the noticed hearing date. The reply shall be filed not less than fourteen (14) days before the hearing date. Each party filing or opposing a motion shall also serve and file a proposed order which sets forth the relief sought and a short statement of the rationale of decision including citation of authority, that the party requests the Court to adopt. **All parties are required to meet and confer before filing any motion with this court, and to certify that they have complied with this requirement.**

Note that pursuant to Civil L.R. 7-1(b), the Court may, in its discretion, adjudicate motions without oral argument.

Opening and opposition briefs exceeding twenty-five (25) pages and reply briefs exceeding fifteen (15) pages may be filed only with leave of the Court seven (7) days before the filing date of the motion. See Civil L.R. 7-4(b).

Any pleading or brief sought to be filed with the Court after the required time, or in an improper manner or form, shall not be received or considered by the Court. Any attorney in violation of such requirements will be subject to other sanctions. Civil L.R. 1-4.

The failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute a consent to the granting of the motion.

The parties are not required to file a statement of undisputed facts in connection with a motion for summary judgment. However, if the parties desire to file a statement of undisputed facts, only one joint statement of undisputed facts signed by all parties shall be filed. All separate statements will be stricken. If the parties are unable to agree that a fact is undisputed, they should assume that fact is in dispute.

The parties need not reserve hearing dates. However, the parties are advised to check the court's calendar at www.cand.uscourts.gov for the next available hearing date. Matter's are calendared on a first come first serve basis. You MUST submit a hard copy of all motion papers filed in E-FILED cases in order to be placed on calendar!!

Failure to comply with this Order or the Local Rules of this Court may result in sanctions. See Fed. R. Civ. P. 16(f); Civil L.R. 1-4.

s/SAUNDRA BROWN
ARMSTRONG
SAUNDRA BROWN ARMSTRONG
United States District Judge

**STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA**

**CONTENTS OF JOINT CASE MANAGEMENT STATEMENT**

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.    Jurisdiction and Service:  The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.    Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.    Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.    Motions: All prior and pending motions, their current status, and any anticipated motions.

5.    Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.    Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.    Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.    Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.    Class Actions: If a class action, a proposal for how and when the class will be certified.

10.    Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.    Relief: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.     <u>Settlement and ADR</u>: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.     <u>Consent to Magistrate Judge For All Purposes</u>: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.     <u>Other References</u>: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.     <u>Narrowing of Issues</u>: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.     <u>Expedited Schedule</u>: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.     <u>Scheduling</u>: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.     <u>Trial</u>: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.     <u>Disclosure of Non-party Interested Entities or Persons</u>: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition,** each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.     Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

CV 08                    3335

SBA

E-filing

# U.S. District Court Northern California

## ECF Registration Information Handout

The case you are participating in has been designated for this court's Electronic Case Filing (ECF) Program, pursuant to Civil Local Rule 5-4 and General Order 45.  <u>This means that you **must**</u> (check off the boxes ☑ when done):

☑ **1) Serve** <u>this</u> ECF Registration Information Handout on **all** parties in the case along with the complaint, or for removals, the removal notice. DO NOT serve the efiler application form, just this handout.

<u>Each attorney representing a party must also:</u>

☐ **2) Register** to become an efiler by filling out the efiler application form.  Follow ALL the instructions on the form carefully.  If you are already registered in this district, <u>do not</u> register again, your registration is valid for life on all ECF cases in this district.

☐ **3) Email** (do not efile) the complaint and, for removals, the removal notice and all attachments, in PDF format within ten business days, following the instructions below.  You do not need to wait for your registration to be completed to email the court.

☐ **4)** Access dockets and documents using **PACER** (Public Access to Court Electronic Records).  If your firm already has a PACER account, please use that - it is not necessary to have an individual account. PACER registration is free.  If you need to establish or check on an account, visit:  **http://pacer.psc.uscourts.gov** or call **(800) 676-6856.**

BY SIGNING AND SUBMITTING TO THE COURT A REQUEST FOR AN ECF USER ID AND PASSWORD, YOU CONSENT TO ENTRY OF YOUR E-MAIL ADDRESS INTO THE COURT'S ELECTRONIC SERVICE REGISTRY FOR ELECTRONIC SERVICE ON YOU OF ALL E-FILED PAPERS, PURSUANT TO RULES 77 and 5(b)(2)(D) (eff. 12.1.01) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

**All subsequent papers submitted by attorneys in this case shall be filed electronically.  Unrepresented litigants must file and serve in paper form, unless prior leave to file electronically is obtained from the assigned judge.**

ECF registration forms, interactive tutorials and complete instructions for efiling may be found on the ECF website:  **http://ecf.cand.uscourts.gov**

**Submitting Initiating Documents**
PDF versions of all the initiating documents originally submitted to the court
(Complaint or Notice of Removal, exhibits, etc.) must be **emailed (not
efiled)** to the **PDF email box for the presiding judge** (not the referring
judge, if there is one) **within 10 (ten) business days** of the opening of your
case.  For a complete list of the email addresses, please go to:
**http://ecf.cand.uscourts.gov** and click on **[Judges]**.

You must include the case number and judge's initials in the <u>subject line</u> of all
relevant emails to the court.  You do not need to wait for your registration to
email these documents.

These documents must be emailed instead of e-filed to prevent duplicate
entries in the ECF system.  All other documents must be e-filed from then on.
You do not need to efile or email the Civil Cover Sheet, Summons, or any
documents issued by the court at case opening; note that you do need to efile
the Summons Returned.

**Converting Documents to PDF**
Conversion of a word processing document to a PDF file is required before any
documents may be submitted to the Court's electronic filing system.
Instructions for creating PDF files can be found at the ECF web site:
**http://ecf.cand.uscourts.gov**, and click on **[FAQ]**.

**Email Guidelines:** When sending an email to the court, the subject line of
the email **must** contain the **case number, judge's initials** and the **type of
document(s)** you are sending, and/or the topic of the email.

**Examples:** The examples below assume your case number is 03-09999
before the Honorable Charles R. Breyer:

| Type of Document | Email Subject Line Text |
|---|---|
| Complaint Only | 03-09999 CRB Complaint |
| Complaint and Notice of Related Case | 03-09999 CRB Complaint, Related Case |
| Complaint and Motion for Temporary Restraining Order | 03-09999 CRB Complaint, TRO |

Version 5/14/2007

**Questions**
Almost all questions can be answered in our **FAQ**s at
**http://ecf.cand.uscourts.gov,** please check them first.

You may also email the ECF Help Desk at ECFhelpdesk@cand.uscourts.gov or
call the toll-free ECF Help Desk number at: (866) 638-7829.

The ECF Help Desk is staffed Mondays through Fridays from
9:00am to 4:00pm Pacific time, excluding court holidays.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

# NOTICE OF AVAILABILITY OF MAGISTRATE JUDGE
# TO EXERCISE JURISDICTION

In accordance with the provisions of Title 28, U.S.C., § 636(c), you are hereby notified that a United States magistrate judge of this district is available to exercise the court's jurisdiction and to conduct any or all proceedings in this case including a jury or nonjury trial, and entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge.

An appeal from a judgment entered by a magistrate judge may be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court.

Copies of the Form for the "Consent to Exercise of Jurisdiction by a United States Magistrate Judge" are available from the clerk of court.

The plaintiff or removing party shall serve a copy of this notice upon all other parties to this action pursuant to Federal Rules of Civil Procedure 4 and 5.

FOR THE COURT
RICHARD W. WIEKING, CLERK

By: Deputy Clerk

magcons.ntc (rev. 10/99)

AO 398 (12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR
# WAIVER OF SERVICE OF SUMMONS

TO:   (A) _____

as    (B) _____ of (C) _____

      A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.) A copy of the complaint is attached to this notice. It has been filed in the United States District Court

for the (D) _____ District of _____

and has been assigned docket number (E) _____ .

      This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) _____ days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

      If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States.)

      If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

      I affirm that this request is being sent to you on behalf of the plaintiff, this _____ day of

_____ , _____ .

 

                                   _____
                                   Signature of Plaintiff's Attorney
                                   or Unrepresented Plaintiff

A — Name of individual defendant (or name of officer or agent of corporate defendant)
B — Title, or other relationship of individual to corporate defendant
C — Name of corporate defendant, if any
D — District
E — Docket number of action
F — Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

AO 399 (12/93)

# WAIVER OF SERVICE OF SUMMONS

TO: _____
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I acknowledge receipt of your request that I waive service of a summons in the action of

_____ , which is case number _____
(CAPTION OF ACTION)                                                         (DOCKET NUMBER)

in the United States District Court for the _____ District of

_____ . I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after _____
(DATE REQUEST WAS SENT)
or within 90 days after that date if the request was sent outside the United States.

_____          _____
DATE                                                            SIGNATURE

Printed/Typed Name: _____

As _____ of _____
(TITLE)                                                 (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

**PROOF OF SERVICE**

Clarence Jonathon Wood and Heidi Collingwood v. Scottsdale Indemnity Company

United States District Court Northern District of California Case No. DR080473

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and am not a party to the within action; my business address is 33 New Montgomery, Sixth Floor, San Francisco, CA 94105. On **July 10, 2008**, I served the following document(s) described as **1) FEDERAL COURT CIVIL COVER SHEET; 2) FILE-ENDORSED NOTICE OF REMOVAL OF ACTION (WITH EXHIBITS A & B); 3) FILE-ENDORSED CERTIFICATE OF INTERESTED ENTITIES OR PERSONS; 4) SUPPLEMENTARY MATERIALS REQUIRED BY NORTHERN DISTRICT OF CALIFORNIA RULE 4-2** on the interested parties in this action as follows:

by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

David P. Dibble, Esq.                    Attorneys For Plaintiff CLARENCE
Law Offices of David P. Dibble           JONATHON WOOD
123 F Street, Suite D
Eureka, CA 95501
(707) 444-9330

Zachary E. Zwerdling, Esq.               Attorneys For Plaintiff HEIDI
Law Office Of Zachary E. Zwerdling       COLLINGWOOD
123 F Street, Suite C
Eureka, CA 95501
(707) 445-9628

☒   **BY MAIL:** By placing a true copy thereof in a sealed envelope addressed as above, and placing it for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence, pleadings, and other matters for mailing with the United States Postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐   **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to FEDERAL EXPRESS for delivery to the addressee(s).

☐   **BY E-MAIL:** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☐   **BY FAX:** I transmitted a copy of the foregoing documents(s) via telecopier to the facsimile numbers of the addressee(s), and the transmission was reported as complete and without error.

☐   **BY PERSONAL SERVICE:** I personally delivered such envelope by hand to the offices of the addressee(s).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Selman Breitman LLP
ATTORNEYS AT LAW

153993.1 380.25532

1

1    Executed on **July 10, 2008**, at San Francisco, California.

LAURA TALESNIK

**Selman Breitman** LLP
ATTORNEYS AT LAW

153993.1  380.25532

1  LINDA WENDELL HSU    (SBN 162971)
   SELMAN BREITMAN LLP
2  33 New Montgomery, Sixth Floor
   San Francisco, CA  94105
3  Telephone: (415) 979-0400
   Facsimile:  (415) 979-2099
4
5  Attorneys for Defendant
   Scottsdale Indemnity Company
6

7              SUPERIOR COURT OF CALIFORNIA

8          COUNTY OF HUMBOLDT - UNLIMITED JURISDICTION

9

10 CLARENCE JONATHAN WOOD and HEIDI        CASE NO.  DR080473
   COLLINGWOOD,
11                                          **NOTICE TO ADVERSE PARTY OF
                Plaintiffs,                  REMOVAL TO FEDERAL COURT**
12
        v.
13
   SCOTTSDALE INDEMNITY CO.; and DOES
14 1 to 100, inclusive,

15              Defendants.

16
       TO PLAINTIFF CLARENCE JONATHAN WOOD AND HEIDI COLLINGWOOD
17
   AND THEIR ATTORNEY OF RECORD:
18
       PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in the
19
   United States District Court for the Northern District of California on July 10, 2008.
20
       A copy of the Notice of Removal of Action with exhibits is attached to this Notice, and is
21
   served and filed herewith.
22

23
   DATED: July __10__, 2008        SELMAN BREITMAN LLP
24

25

26 By: _____
           LINDA WENDELL HSU
27         Attorney for Defendant
           Scottsdale Indemnity Company
28

Selman Breitman LLP
ATTORNEYS AT LAW

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

Clarence Jonathan Wood and Heidi Collingwood

## DEFENDANTS

Scottsdale Indemnity Company

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

David P. Dibble
Law Offices of David P. Dibble
123 F. Street, Suite D
Eureka, CA 95501 (707) 444-9330

Attorneys (If Known)

Linda Wendell Hsu
Selman Breitman LLP
33 New Montgomery, Sixth Floor
San Francisco, CA 94105

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 | U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | | | & Disclosure Act | | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| | | | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 791 Empl. Ret. Inc. | ☐ 870 Taxes (U.S. Plaintiff | ☐ 895 Freedom of Information |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | Security Act | or Defendant) | Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | | ☐ 871 IRS—Third Party | ☐ 900 Appeal of Fee |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Determination |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | Under Equal Access |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities— | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | to Justice |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus – | | ☐ 950 Constitutionality of |
| | ☐ 446 Amer. w/Disabilities— | ☐ 555 Prison Condition | Alien Detainee | | State Statutes |
| | Other | | ☐ 465 Other Immigration | | |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | Transferred from | | Appeal to District |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1441 (b)

Brief description of cause:
Plaintiffs seek satisfaction of a wrongful death action judgment from Scottsdale.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND        ☐ SAN JOSE

DATE
July 10, 2008

SIGNATURE OF ATTORNEY OF RECORD

1  LINDA WENDELL HSU (SBN 162971)
   SELMAN BREITMAN LLP
2  33 New Montgomery, Sixth Floor
   San Francisco, CA  94105
3  Telephone:  (415) 979-0400
   Facsimile:  (415) 979-2099
4
5  Attorney for Defendant
   Scottsdale Indemnity Company

6

7                    UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9

10  CLARENCE JONATHON WOOD and HEIDI    CASE NO.
    COLLINGWOOD,
11
            Plaintiffs,
12                                      **NOTICE OF REMOVAL OF ACTION
         v.                             UNDER 28 U.S.C. §1441(b)
13                                      (DIVERSITY)**
    SCOTTSDALE INDEMNITY COMPANY;
14  and DOES 1 to 100, inclusive,

15          Defendants.

16

17

18      TO THE CLERK OF THE ABOVE-ENTITLED COURT:

19      PLEASE TAKE NOTICE that defendant Scottsdale Indemnity

    Company (hereafter referred to as "SCOTTSDALE") hereby removes to
20
    this Court the state court action described below.
21
        1.   On May 23, 2008 an action was commenced in the Superior
22
    Court of the State of California in and for the County of
23
    Humboldt, entitled Clarence Jonathon Wood and Heidi Collingwood
24
    Plaintiffs, vs. Scottsdale Indemnity Company Defendants, as Case
25
    Number DR080473.  A true and correct copy of that complaint is
26
    attached hereto as Exhibit "A".
27
        2.   The first date upon which defendant SCOTTSDALE received
28

NOTICE OF REMOVAL OF ACTION; UNDER 28 U.S.C. §1441(b)

153383.1 380.25532

*(left margin)* Selman Breitman LLP  ATTORNEYS AT LAW

1    a copy of the said complaint was on June 10, 2008, when defendant

2    was served with a copy of the said complaint and a summons from

3    the said state court.  A copy of the summons is attached hereto

4    as Exhibit "B".

5        3.    This section is a civil action of which this Court has

6    original jurisdiction under 28 U.S.C. § 1332, and is one which

7    may be removed to this Court by defendant pursuant to the

8    provisions of 28 U.S.C. § 1441(b) in that it is a civil action

9    between citizens of different states and the matter in

10   controversy exceeds the sum of $75,000, exclusive of interest and

11   costs because plaintiffs have a judgment in the amount of $4.2

12   million for which they seek satisfaction from SCOTTSDALE.

13       4.    Complete diversity of citizenship exists in that:

14   Plaintiff Clarence Jonathon Wood is a citizen of the State of

15   California; Plaintiff Heidi Collingwood is a citizen of the State

16   of California; and Defendant SCOTTSDALE was and is a corporation

17   incorporated under the laws of the State of Ohio and having its

18   principal place of business in the State of Arizona and is the

19   only defendant that has been served with summons and complaint in

20   this action.

21

22

23   DATED: July 10, 2008        SELMAN BREITMAN LLP

24

25                              By: _____
                                    LINDA WENDELL HSU
26                                  Attorney for Defendant
                                    SCOTTSDALE INDEMNITY COMPANY
27

28

Selman Breitman LLP
ATTORNEYS AT LAW

153383.1 380.25532

2

NOTICE OF REMOVAL OF ACTION; UNDER 28 U.S.C. §1441(b)

# EXHIBIT A

1   David P. Dibble, Esq. #73938
    LAW OFFICES OF DAVID P. DIBBLE
2   123 F Street, Ste. D
    Eureka, CA 95501
3   (707) 444-9330
    Attorneys for Plaintiff Clarence Jonathon Wood
4

*FILED*

Olga S. MAY 2 3 2008

SUPERIOR COURT OF CALIFORNIA
COUNTY OF HUMBOLDT

5   Zachary E. Zwerdling, Esq. #73288
    LAW OFFICE OF ZACHARY E. ZWERDLING
    123 F St., Ste. C
6   Eureka, CA 95501
    (707) 445-9628
7   Attorneys for Plaintiff Heidi Collingwood

8

9          SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                  COUNTY OF HUMBOLDT

11   CLARENCE JONATHON WOOD and    NO. **DR 080473**
    HEIDI COLLINGWOOD,

12        Plaintiff,            **COMPLAINT FOR DAMAGES;**
                       **BREACH OF CONTRACT; TORTIOUS**
13   vs.                        **BREACH OF THE COVENANT OF**
                       **GOOD FAITH AND FAIR DEALING**
14   SCOTTSDALE INDEMNITY CO., and
    DOES 1 through 100, inclusive,        RECEIVED
15
       Defendants.              JUN 1 1 2008
16   _____/
                       CLAIMS LEGAL

17               **GENERAL ALLEGATIONS**

18         1.      Plaintiffs are unaware of the true names or capacities of the defendants named

19   herein as "DOE", and therefore sue said defendants by such fictitious names and will amend and insert

20   the true names of said defendants when the true names, identities and acts giving rise to their liability

21   in regard to the above-entitled action become known to plaintiffs. Plaintiffs are informed and believe

22   and thereon allege that each of the defendants designated as a "DOE" is responsible, in some manner,

23   for the events and happenings herein referred to, and caused injuries and damages proximately thereby

24   to plaintiffs as hereinafter set forth.

25         2.      At all times herein mentioned, defendants, and each of them, were the agents,

26   servants and employees of each of the remaining defendants, and in doing all of the things herein

27   mentioned were acting in the scope of such agency with the consent of each of the remaining

28   defendants.

---

Complaint for Damages - Breach of Contract; Tortious Breach of the Covenant of Good Faith and Fair Dealing 1

1    3.    At all times herein mentioned, plaintiffs Clarence Jonathan Wood and Heidi

2    Collingwood were the natural parents and sole surviving heirs at law of Kayla Wood, deceased.

3    4.    At all times herein mentioned, defendants Scottsdale Indemnity Co. and Does

4    1 through 10, and each of them, were and are corporations authorized to do business in the State of

5    California in the business of insurance.  At all times herein mentioned, defendants Scottsdale

6    Indemnity Co. and Does 1 through 10 and each of them conducted the business of insurance in the

7    State of California.

8    5.    On or about June 15, 2001, defendants Scottsdale Indemnity Co. and Does

9    1 though 10, and each of them, issued a policy of insurance entitled "Personal Umbrella Liability

10    Policy", policy number PUI 0020229, with liability limits in the amount of $1,000,000.00 to Ralph

11    L. and Pamela W. Lindstrom, residents of Humboldt County, California (hereinafter referred to as

12    "the Scottsdale policy").  The Scottsdale policy provides that the insurer will pay on behalf of its

13    insureds the sums said insureds become legally obligated to pay in excess of the underlying limits

14    because of bodily injury caused by an occurrence.  The Schedule of Underlying Insurance in the

15    Scottsdale policy references a homeowners policy issued to Ralph and Pamela Lindstrom by Hartford

16    Casualty Insurance Co. with policy limits in the amount of $500,000.  In addition to the Hartford

17    policy, although not listed as underlying coverage in the Scottsdale policy, was a homeowners policy

18    issued to Ralph and Pamela Lindstrom by Foremost Insurance Company with limits of $300,000.00.

19    The Scottsdale excess policy was in effect from May 31, 2001 to May 31, 2002.

20    6.    At all times herein mentioned, under the provisions of the above-mentioned

21    insurance policy, defendants Scottsdale Indemnity Co. and Does 1 through 10, and each of them, had

22    the duty to the insureds thereunder to defend them against any action brought against them and to

23    pay indemnity for liability within the scope of the coverage of said insurance policy.

24    7.    At all times herein mentioned, there was implied by law in said insurance

25    contract a covenant, promise and duty that defendants, and each of them, would deal in good faith

26    with the insureds thereunder.

27    ///

28

Complaint for Damages - Breach of Contract; Tortious Breach of the Covenant of Good Faith and Fair Dealing 2

8.      At all times herein mentioned, Kimberly Holz Lindstrom was an insured within the definitions of the Scottsdale policy with respect to the allegations of the complaints filed against her by Clarence Jonathon Wood and Heidi Collingwood in the underlying action as hereinafter set forth.

9.      A condition of liability under the Scottsdale policy was that the underlying limits shall have been paid or the insured have become legally obligated to pay the limits of the underlying Hartford homeowners policy.

10.     On or about May 25, 2002, within the policy period, while staying with and under the control of the insureds Ralph L. and Pamela W. Lindstrom and their daughter Kimberly Holz Lindstrom, Kayla Wood, age 12 at that time, drowned in the Trinity River while on an inner tubing trip. Kimberly Holz Lindstrom was the sole responsible adult on that trip.

11.     On or about July 12, 2002, Kayla Wood's mother, plaintiff herein Heidi Collingwood, filed an action in Humboldt County Superior Court against Ralph and Pamela Lindstrom and Kimberly Holz Lindstrom for damages for negligently causing the death of Kayla Wood. On or about November 7, 2002, Kayla Wood's father, plaintiff herein Clarence Jonathon Wood, filed an action for damages against Ralph and Pamela Lindstrom and Kimberly Holz Lindstrom in Humboldt County Superior Court for negligently causing the death of Kayla Wood. Thereafter, the two actions were consolidated by the Court for all purposes and are hereinafter referred to as "the underlying action".

12.     At some time between July 12, 2002 and June 2, 2004, defendants were put on notice of the underlying action against Kimberly Holz Lindstrom.

13.     On or about June 2, 2004, the Court entered judgment in favor of Ralph and Pamela Lindstrom and against plaintiffs in the underlying action and the underlying action thereafter proceeded against defendant Kimberly Holz Lindstrom only.

14.     From and after December 16, 2005, through and including April 24, 2006, defendants Scottsdale Indemnity Co. and Does 1 through 10, and each of them, were advised that the underlying action was coming up for Settlement Conference and Trial and were provided the specific dates for those hearings. Further, defendants, and each of them, were advised that plaintiffs

---

Complaint for Damages - Breach of Contract; Tortious Breach of the Covenant of Good Faith and Fair Dealing 3

1  in the underlying action contended that Kimberly Holz Lindstrom was an insured under the Scottsdale

2  policy and that claims would be made against the Scottsdale policy. Defendants, and each of them,

3  were invited to participate in settlement negotiations between plaintiffs and Kimberly Holz Lindstrom

4  leading up to trial.

5          15.    At all times herein mentioned, defendants, and each of them, failed and refused

6  to participate in any manner in settlement negotiations between plaintiffs and Kimberly Holz

7  Lindstrom in the underlying action.

8          16.    On or about April 24, 2006, plaintiffs in the underlying action settled their

9  cases against Kimberly Holz Lindstrom in open court on the record. The terms of the settlement are

10  as follows:  payment of the amount of $800,000 paid by Hartford Casualty Co. and Foremost

11  Insurance Co. for their primary insurance policy limits on behalf of Kimberly Lindstrom, in exchange

12  for a covenant by plaintiffs not to execute upon any judgment against Kimberly Holz Lindstrom's

13  personal assets other than to the extent that she is afforded coverage by insurance companies other

14  than Hartford and Foremost; an assignment by Kimberly Holz Lindstrom of any and all causes of

15  action she may have against insurance carriers other than Hartford and Foremost; a stipulation that

16  Ms. Lindstrom was legally liable for and caused the damages sustained by the plaintiffs; and that the

17  Humboldt County Superior Court would determine the amount of the plaintiffs' damages after trial

18  of that issue.

19          17.    Defendants Scottsdale Indemnity Co. and Does 1 through 10 and each of them

20  were advised by plaintiffs in the underlying action on April 26, 2006 of the foregoing settlement

21  agreement and that plaintiffs contended that Kimberly Lindstrom was an insured under the Scottsdale

22  policy. Plaintiffs demanded payment of the $1,000,000.00 limits of the Scottsdale policy in full and

23  final settlement of all claims against Ms. Lindstrom and demanded that it be paid within 30 days of

24  that date. Subsequently, the time for response to that demand was extended to June 12, 2006. On

25  or about June 5, 2006, defendants expressly declined coverage and a defense to Kimberly Holz

26  Lindstrom. Further, defendants failed to offer or to pay any amounts under the policy to settle the

27  claims of plaintiffs against Kimberly Holz Lindstrom and failed and refused to provide Kimberly Holz

28  Lindstrom with a defense in the underlying g action..

Complaint for Damages - Breach of Contract; Tortious Breach of the Covenant of Good Faith and Fair Dealing 4

1    18.    On or about June 16, 2006, Kimberly Holz Lindstrom assigned any and all

2  causes of action she had against Scottsdale Indemnity Co. to plaintiffs Clarence Jonathon Wood and

3  Heidi Collingwood.

4    19.    On or about August 14, 2006, the underlying action proceeded to trial in

5  Department 3 of the Humboldt County Superior Court, Hon. Christopher G. Wilson presiding. On

6  or about August 30, 2006, Judge Wilson entered judgment against Kimberly Lindstrom in the amount

7  of $5 million plus recoverable costs. Thereafter, plaintiff Clarence Jonathon Wood filed a cost bill

8  in the amount of $3,686.86; plaintiff Heidi Collingwood filed a cost bill in the amount of $4,754.56.

9  Said judgment has become final against Kimberly Holz Lindstrom.

10    20.    Plaintiffs Clarence Jonathon Wood and Heidi Collingwood bring this action

11  as judgment creditors of Kimberly Holz Lindstrom pursuant to the Scottsdale policy and California

12  Insurance Code §11580(b)(2) to the extent that said insurance policy provides coverage to her, and

13  as assignees of all causes of action held by Kimberly Holz Lindstrom to the extent that defendants

14  breached said contract and the covenant of good faith and fair dealing implicit therein and caused

15  Kimberly Holz Lindstrom to suffer liability in excess of said policy limits.

16    **FIRST CAUSE OF ACTION - BREACH OF CONTRACT**

17    21.    In doing the things herein mentioned, defendants Scottsdale Indemnity Co. and

18  Does 1 through 10, and each of them, breached the contract of insurance herein mentioned. Kimberly

19  Lindstrom was at all times herein mentioned an insured within the meaning of the Scottsdale policy

20  and said policy provided personal liability insurance coverage to Kimberly Lindstrom for the acts

21  alleged in the complaints in the underlying action. Defendants, and each of them, failed and refused

22  to comply with their obligations under said contract to defend and indemnify Kimberly Holz

23  Lindstrom against the allegations of the complaint in the underlying action.

24    22.    As a direct, proximate and legal result of defendants' breach of the contract

25  of insurance as set forth herein, plaintiffs herein obtained a judgment against Kimberly Holz

26  Lindstrom in excess of the underlying insurance policy limits by $4,200,000. Plaintiffs herein thereby

27  became judgment creditors of Kimberly Holz Lindstrom in said amount and herein seek to obtain the

28  insurance policy limits of the policy issued by defendants in the amount of $1,000,000.00.

Complaint for Damages - Breach of Contract; Tortious Breach of the Covenant of Good Faith and Fair Dealing 5

23.    As a further direct, proximate and legal result of the breach of contract by defendants as set forth herein, plaintiffs have been caused and will continue to be caused to suffer costs and expenses of litigation and attorney's fees to obtain the benefits of said insurance policy in an amount according to proof.

WHEREFORE, plaintiffs pray for judgment against defendants as hereinafter alleged.

## SECOND CAUSE OF ACTION - TORTIOUS BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

24.    Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 22 of this Complaint as if set forth fully herein.

25.    In doing the things herein mentioned, defendants, and each of them, breached their covenant, promise and duty to deal in good faith with their insured, Kimberly Holz Lindstrom. More specifically, defendants unreasonably and without proper cause failed and refused to comply with their obligations under said contract to defend and indemnify the insured Kimberly Holz Lindstrom and to accept a reasonable offer to settle the underlying action against her within the limits of defendant's policy as set forth herein.

26.    As a direct, proximate and legal result of the breach of the covenant of good faith and fair dealing as set forth herein, the insured Kimberly Holz Lindstrom was caused to suffer a judgment to be entered against her in excess of the limits of the underlying insurance policies in the amount of $4,200,000.

WHEREFORE, plaintiffs pray for judgment against defendants, and each of them, as follows:

1.    For the limits of the Scottsdale policy in the amount of $1,000,000.00;

2.    For the excess judgment entered against Kimberly Holz Lindstrom in the amount of $4,200,000.00, plus costs awarded in the underlying action;

3.    For attorneys fees incurred by plaintiffs in obtaining the benefits of the contract as set forth herein, according to proof;

4.    For interest on all recoverable amounts, according to proof;

5.    For costs of litigations, and;

---

Complaint for Damages - Breach of Contract; Tortious Breach of the Covenant of Good Faith and Fair Dealing 6

6.    For such other and further relief as the Court may deem appropriate.

DATED:    May 22, 2008    LAW OFFICES OF DAVID P. DIBBLE

By: _____
David P. Dibble, Esq., attorneys for Plaintiff Clarence
Jonathon Wood

DATED:    5|22|08    LAW OFFICES OF ZACHARY E. ZWERDLING

By: _____
Zachary E. Zwerdling, Esq., attorneys for Plaintiff
Heidi Collingwood

Complaint for Damages - Breach of Contract; Tortious Breach of the Covenant of Good Faith and Fair Dealing 7

DAVID P. DIBBLE, ESQ.  (CSB# 73938)
LAW OFFICES OF DAVID P. DIBBLE
123 F Street, Suite D
Eureka, CA 95501
(707) 444-9330
Attorneys for Plaintiff Clarence Jonathon Wood

ZACHARY E. ZWERDLING (CSB# 73288)
LAW OFFICE OF ZACHARY E. ZWERDLING
123 F Street, Suite C
Eureka, California  95501
Telephone:  707-445-9628
Attorneys for Plaintiff Heidi Collingwood



FILED
MAY 2 9 2008
Karen C.
SUPERIOR COURT OF CALIFORNIA
COUNTY OF HUMBOLDT

---

SUPERIOR COURT OF CALIFORNIA, COUNTY OF HUMBOLDT

| | |
|---|---|
| CLARENCE JONATHON WOOD and HEIDI COLLINGWOOD<br><br>                    Plaintiffs,<br><br>    vs.<br><br>SCOTTSDALE INDEMNITY CO. and Does 1 through 100, inclusive,<br><br>                    Defendants. | CASE NO.  DR080473<br><br>**NOTICE OF INCLUSION IN DELAY REDUCTION PROGRAM**<br><br>**NOTICE OF CASE MANAGEMENT CONFERENCE** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that the above-entitled action has been included in the Delay Reduction Program of the County of Humboldt.  You are required to comply with the guidelines for program cases as set forth in California Rules of Court, Title 2, Division I., Chapters 1 through 4, and Humboldt County local rules, 6.1 through 6.4.

You are further advised that a CASE MANAGEMENT CONFERENCE in the above action has been scheduled FOR _Sept. 15_ 2008, at _8:30_ a.m. in Department # _4_ of the Humboldt Superior Court.  Initial CASE MANAGEMENT STATEMENT on Judicial Council form CM-110 shall be filed with the court and exchanged among the parties no later than 15 days before the Case Management Conference.

Dated:     **MAY 2 9 2008**                        KERRI L. KEENAN, CLERK

                                    By: _____, Deputy
                                                    Karen C.

---

NOTICE OF INCLUSION IN DELAY REDUCTION PROGRAM

# EXHIBIT B

6/10  11:05 A.m.

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Scottsdale Indemnity Company, and Does 1 through 100, inclusive.

RECEIVED
JUN 11 2008
CLAIMS LEGAL

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Clarence Jonathon Wood and Heidi Collingwood

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: | CASE NUMBER: |
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* **DR 080473** |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF HUMBOLDT | |
| 825 Fifth St., Eureka, CA 95501 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

David P. Dibble, Esq. (Bar # 73938)    Phone No.: (707) 444-9330
David P. Dibble, Esq.    Fax No.: (707) 443-0442
123 F Street, Suite D, Eureka, CA 95501

DATE:    Clerk, by **Olga S.**    , Deputy
*(Fecha)* **MAY 2 3 2008**    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* SCOTTSDALE INDEMNITY COMPANY
   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

**COPY**

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

*LexisNexis® Automated California Judicial Council Forms*

LINDA WENDELL HSU (SBN 162971)
SELMAN BREITMAN LLP
33 New Montgomery, Sixth Floor
San Francisco, CA  94105
Telephone:  (415) 979-0400
Facsimile:  (415) 979-2099

Attorney for Defendant
Scottsdale Indemnity Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE JONATHON WOOD and HEIDI COLLINGWOOD,<br><br>          Plaintiffs,<br><br>     v.<br><br>SCOTTSDALE INDEMNITY COMPANY; and DOES 1 to 100, inclusive,<br><br>          Defendants. | CASE NO.<br><br><br>**CERTIFICATE OF INTERESTED ENTITIES OR PERSONS** |

Pursuant to Civil L. R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

///

///

///

*Selman Breitman LLP*
ATTORNEYS AT LAW

CERTIFICATE OF INTERESTED ENTITIES OR PERSONS

153885.1 380.25532

1.    Nationwide Insurance Company (Scottsdale Indemnity Company is a wholly owned subsidiary of Nationwide Insurance Company).

DATED: July 10, 2008          SELMAN BREITMAN LLP

                              By:  _____
                                   LINDA WENDELL HSU
                                   Attorney for Defendant
                                   SCOTTSDALE INDEMNITY COMPANY

CERTIFICATE OF INTERESTED ENTITIES OR PERSONS

153885.1  380.25532

**PROOF OF SERVICE**

Clarence Jonathon Wood and Heidi Collingwood v. Scottsdale Indemnity Company

United States District Court Northern District of California Case No. DR080473

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and am not a party to the within action; my business address is 33 New Montgomery, Sixth Floor, San Francisco, CA 94105. On **July 10, 2008,** I served the following document(s) described as **NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT** on the interested parties in this action as follows:

by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

David P. Dibble, Esq.                    Attorneys For Plaintiff CLARENCE
Law Offices of David P. Dibble           JONATHON WOOD
123 F Street, Suite D
Eureka, CA 95501
(707) 444-9330

Zachary E. Zwerdling, Esq.               Attorneys For Plaintiff HEIDI
Law Office Of Zachary E. Zwerdling       COLLINGWOOD
123 F Street, Suite C
Eureka, CA 95501
(707) 445-9628

☒   **BY MAIL:** By placing a true copy thereof in a sealed envelope addressed as above, and placing it for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence, pleadings, and other matters for mailing with the United States Postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐   **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to FEDERAL EXPRESS for delivery to the addressee(s).

☐   **BY E-MAIL:** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☐   **BY FAX:** I transmitted a copy of the foregoing documents(s) via telecopier to the facsimile numbers of the addressee(s), and the transmission was reported as complete and without error.

☐   **BY PERSONAL SERVICE:** I personally delivered such envelope by hand to the offices of the addressee(s).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **July 10, 2008,** at San Francisco, California.

LAURA TALESNIK

**PROOF OF SERVICE**

Clarence Jonathon Wood and Heidi Collingwood v. Scottsdale Indemnity Company

United States District Court Northern District of California Case No. CV 08 3335 SBA

(Superior Court of California County of Humboldt Case No. DR080473)

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and am not a party to the within action; my business address is 33 New Montgomery, Sixth Floor, San Francisco, CA 94105. On **July 14, 2008**, I served the following document(s) described as **CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT** on the interested parties in this action as follows:

by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

David P. Dibble, Esq.                    Attorneys For Plaintiff CLARENCE
Law Offices of David P. Dibble          JONATHON WOOD
123 F Street, Suite D
Eureka, CA 95501
(707) 444-9330

Zachary E. Zwerdling, Esq.               Attorneys For Plaintiff HEIDI
Law Office Of Zachary E. Zwerdling      COLLINGWOOD
123 F Street, Suite C
Eureka, CA 95501
(707) 445-9628

☒   **BY MAIL:** By placing a true copy thereof in a sealed envelope addressed as above, and placing it for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence, pleadings, and other matters for mailing with the United States Postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒   **BY ELECTRONIC FILING:** I have reviewed the Northern District's Policy pertaining to its procedure for electronically filing documents via CM/ECF Case Management/Electronic Case Files. I caused the above-referenced document(s) to be served in Case No. DR080473 and as directed by U.S. Northern District.

☐   **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to FEDERAL EXPRESS for delivery to the addressee(s).

☐   **BY E-MAIL:** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☐   **BY FAX:** I transmitted a copy of the foregoing documents(s) via telecopier to the facsimile numbers of the addressee(s), and the transmission was reported as complete and without error.

☐   **BY PERSONAL SERVICE:** I personally delivered such envelope by hand to the offices of the addressee(s).

I declare under penalty of perjury under the laws of the State of California that the

Selman Breitman LLP
ATTORNEYS AT LAW

154044.1 380.25532

1

1    foregoing is true and correct.

2    Executed on **July 14, 2008**, at San Francisco, California.

3

4                                                    LAURA TALESNIK

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28