LINDA WENDELL HSU    (SBN 162971)
SELMAN BREITMAN LLP
33 New Montgomery, Sixth Floor
San Francisco, CA  94105
Telephone: (415) 979-0400
Facsimile: (415) 979-2099

Attorney for Defendant
Scottsdale Indemnity Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE JONATHON WOOD and HEIDI COLLINGWOOD,<br><br>    Plaintiffs,<br><br>    v.<br><br>SCOTTSDALE INDEMNITY CO.; and DOES 1 to 100, inclusive,<br><br>    Defendants. | CASE NO.  CV 08 3335 SBA<br><br>**CERTIFICATE OF SERVICE OF AMENDED NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT WITH FEDERAL CASE NUMBER** |

Laura Talesnik certifies and declares as follows:

I am over the age of 18 years and not a party to this action.

My business address is Selman Breitman, LLP, 33 New Montgomery Street, 6th Floor, San Francisco, California 94105, which is located in the city, county and state where the mailing described below took place.

On July 14, 2008, I deposited in the United States Mail at San Francisco, California, a copy of the Amended Notice to Adverse Party of Removal to Federal Court With Federal Case Number dated July 14, 2008.  I declare under penalty of perjury

Selman Breitman LLP
ATTORNEYS AT LAW

154191.1 380.25532

1  that the foregoing is true and correct.

2      Executed this  14th  day of July 2008, at San Francisco,

3  California.

4

5                                      By: _____

6                                          LAURA TALESNIK

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Certificate of Service of Notice to Adverse Party of Removal to Federal Court
CV 08 3335 SBA

*Selman Breitman* LLP
ATTORNEYS AT LAW

LINDA WENDELL HSU    (SBN 162971)
SUNGJEE LEE    (SBN 246860)
SELMAN BREITMAN LLP
33 New Montgomery, Sixth Floor
San Francisco, CA 94105
Telephone: (415) 979-0400
Facsimile: (415) 979-2099

Attorneys for Defendant
Scottsdale Indemnity Company

SUPERIOR COURT OF CALIFORNIA

COUNTY OF HUMBOLDT - UNLIMITED JURISDICTION

| | |
|---|---|
| CLARENCE JONATHAN WOOD and HEIDI COLLINGWOOD,<br><br>        Plaintiffs,<br><br>    v.<br><br>SCOTTSDALE INDEMNITY CO.; and DOES 1 to 100, inclusive,<br><br>        Defendants. | CASE NO.  DR080473<br><br>**AMENDED NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT WITH FEDERAL CASE NUMBER** |

TO PLAINTIFF CLARENCE JONATHAN WOOD AND HEIDI COLLINGWOOD

AND THEIR ATTORNEY OF RECORD:

PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in the

United States District Court for the Northern District of California on July 10, 2008, under Federal

Case Number CV 08 3335 SBA.

A copy of the Notice of Removal of Action with exhibits is attached to this Notice, and is

served and filed herewith.

DATED: July __14__, 2008        SELMAN BREITMAN LLP


By: _____
    LINDA WENDELL HSU
    SUNGJEE LEE
    Attorneys for Defendant
    Scottsdale Indemnity Company

1

Selman Breitman LLP
ATTORNEYS AT LAW



1  LINDA WENDELL HSU (SBN 162971)
   SELMAN BREITMAN LLP
2  33 New Montgomery, Sixth Floor
   San Francisco, CA  94105
3  Telephone: (415) 979-0400
   Facsimile: (415) 979-2099
4
   Attorney for Defendant
5  Scottsdale Indemnity Company

6
                UNITED STATES DISTRICT COURT
7
              NORTHERN DISTRICT OF CALIFORNIA
8

9
   CLARENCE JONATHON WOOD and HEIDI      CASE NO.
10 COLLINGWOOD,                          CV  08    3335
11            Plaintiffs,
                                         NOTICE OF REMOVAL OF ACTION
12      v.                               UNDER 28 U.S.C. §1441(b)
                                         (DIVERSITY)
13 SCOTTSDALE INDEMNITY COMPANY;
   and DOES 1 to 100, inclusive,
14
              Defendants.
15

16

17
      TO THE CLERK OF THE ABOVE-ENTITLED COURT:
18
      PLEASE TAKE NOTICE that defendant Scottsdale Indemnity
19
   Company (hereafter referred to as "SCOTTSDALE") hereby removes to
20
   this Court the state court action described below.
21
      1.   On May 23, 2008 an action was commenced in the Superior
22
   Court of the State of California in and for the County of
23
   Humboldt, entitled Clarence Jonathon Wood and Heidi Collingwood
24
   Plaintiffs, vs. Scottsdale Indemnity Company Defendants, as Case
25
   Number DR080473.   A true and correct copy of that complaint is
26
   attached hereto as Exhibit "A".
27
      2.   The first date upon which defendant SCOTTSDALE received
28

                                1

153383.1 380.25532

Selman Breitman LLP
ATTORNEYS AT LAW

1  a copy of the said complaint was on June 10, 2008, when defendant

2  was served with a copy of the said complaint and a summons from

3  the said state court.  A copy of the summons is attached hereto

4  as Exhibit "B".

5      3.    This section is a civil action of which this Court has

6  original jurisdiction under 28 U.S.C. § 1332, and is one which

7  may be removed to this Court by defendant pursuant to the

8  provisions of 28 U.S.C. § 1441(b) in that it is a civil action

9  between citizens of different states and the matter in

10 controversy exceeds the sum of $75,000, exclusive of interest and

11 costs because plaintiffs have a judgment in the amount of $4.2

12 million for which they seek satisfaction from SCOTTSDALE.

13     4.    Complete diversity of citizenship exists in that:

14 Plaintiff Clarence Jonathon Wood is a citizen of the State of

15 California; Plaintiff Heidi Collingwood is a citizen of the State

16 of California; and Defendant SCOTTSDALE was and is a corporation

17 incorporated under the laws of the State of Ohio and having its

18 principal place of business in the State of Arizona and is the

19 only defendant that has been served with summons and complaint in

20 this action.

21

22

DATED: July 10, 2008        SELMAN BREITMAN LLP

23

24

By: _____

25     LINDA WENDELL HSU
       Attorney for Defendant
26     SCOTTSDALE INDEMNITY COMPANY

27

28

Selman Breitman LLP
ATTORNEYS AT LAW

# EXHIBIT A

08/12/2008 08:31 FAX                                                      ☑003/010

1   David P. Dibble, Esq. #73938
    LAW OFFICES OF DAVID P. DIBBLE
2   123 F Street, Ste. D                          **FILED**
    Eureka, CA 95501                          Olea & MAY 2 3 2008
3   (707) 444-9330
    Attorneys for Plaintiff Clarence Jonathon Wood    SUPERIOR COURT OF CALIFORNIA
4                                                     COUNTY OF HUMBOLDT
    Zachary E. Zwerdling, Esq. #73288
5   LAW OFFICE OF ZACHARY E. ZWERDLING
    123 F St., Ste. C
6   Eureka, CA 95501
    (707) 445-9628
7   Attorneys for Plaintiff Heidi Collingwood

8
                    SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
                              COUNTY OF HUMBOLDT
10
    CLARENCE JONATHON WOOD and        NO. **D R 080473**
11  HEIDI COLLINGWOOD,
                                       **COMPLAINT FOR DAMAGES:**
12          Plaintiff,                 **BREACH OF CONTRACT; TORTIOUS**
                                       **BREACH OF THE COVENANT OF**
13      vs.                            **GOOD FAITH AND FAIR DEALING**

14  SCOTTSDALE INDEMNITY CO., and              RECEIVED
    DOES 1 through 100, inclusive,
15                                             JUN 1 1 2008
            Defendants.
16  _____/         CLAIMS LEGAL

17                         **GENERAL ALLEGATIONS**

18          1.      Plaintiffs are unaware of the true names or capacities of the defendants named

19  herein as "DOE", and therefore sue said defendants by such fictitious names and will amend and insert

20  the true names of said defendants when the true names, identities and acts giving rise to their liability

21  in regard to the above-entitled action become known to plaintiffs. Plaintiffs are informed and believe

22  and thereon allege that each of the defendants designated as a "DOE" is responsible, in some manner,

23  for the events and happenings herein referred to, and caused injuries and damages proximately thereby

24  to plaintiffs as hereinafter set forth.

25          2.      At all times herein mentioned, defendants, and each of them, were the agents,

26  servants and employees of each of the remaining defendants, and in doing all of the things herein

27  mentioned were acting in the scope of such agency with the consent of each of the remaining

28  defendants.

    Complaint for Damages - Breach of Contract; Tortious Breach of the Covenant of Good Faith and Fair Dealing 1

3.    At all times herein mentioned, plaintiffs Clarence Jonathan Wood and Heidi Collingwood were the natural parents and sole surviving heirs at law of Kayla Wood, deceased.

4.    At all times herein mentioned, defendants Scottsdale Indemnity Co. and Does 1 through 10, and each of them, were and are corporations authorized to do business in the State of California in the business of insurance.  At all times herein mentioned, defendants Scottsdale Indemnity Co. and Does 1 through 10 and each of them conducted the business of insurance in the State of California.

5.    On or about June 15, 2001, defendants Scottsdale Indemnity Co. and Does 1 though 10, and each of them, issued a policy of insurance entitled "Personal Umbrella Liability Policy", policy number PUI 0020229, with liability limits in the amount of $1,000,000.00 to Ralph L. and Pamela W. Lindstrom, residents of Humboldt County, California (hereinafter referred to as "the Scottsdale policy").  The Scottsdale policy provides that the insurer will pay on behalf of its insureds the sums said insureds become legally obligated to pay in excess of the underlying limits because of bodily injury caused by an occurrence.  The Schedule of Underlying Insurance in the Scottsdale policy references a homeowners policy issued to Ralph and Pamela Lindstrom by Hartford Casualty Insurance Co. with policy limits in the amount of $500,000.  In addition to the Hartford policy, although not listed as underlying coverage in the Scottsdale policy, was a homeowners policy issued to Ralph and Pamela Lindstrom by Foremost Insurance Company with limits of $300,000.00. The Scottsdale excess policy was in effect from May 31, 2001 to May 31, 2002.

6.    At all times herein mentioned, under the provisions of the above-mentioned insurance policy, defendants Scottsdale Indemnity Co. and Does 1 through 10, and each of them, had the duty to the insureds thereunder to defend them against any action brought against them and to pay indemnity for liability within the scope of the coverage of said insurance policy.

7.    At all times herein mentioned, there was implied by law in said insurance contract a covenant, promise and duty that defendants, and each of them, would deal in good faith with the insureds thereunder.

///

Complaint for Damages - Breach of Contract; Tortious Breach of the Covenant of Good Faith and Fair Dealing 2

8.    At all times herein mentioned, Kimberly Holz Lindstrom was an insured within the definitions of the Scottsdale policy with respect to the allegations of the complaints filed against her by Clarence Jonathon Wood and Heidi Collingwood in the underlying action as hereinafter set forth.

9.    A condition of liability under the Scottsdale policy was that the underlying limits shall have been paid or the insured have become legally obligated to pay the limits of the underlying Hartford homeowners policy.

10.    On or about May 25, 2002, within the policy period, while staying with and under the control of the insureds Ralph L. and Pamela W. Lindstrom and their daughter Kimberly Holz Lindstrom, Kayla Wood, age 12 at that time, drowned in the Trinity River while on an inner tubing trip. Kimberly Holz Lindstrom was the sole responsible adult on that trip.

11.    On or about July 12, 2002, Kayla Wood's mother, plaintiff herein Heidi Collingwood, filed an action in Humboldt County Superior Court against Ralph and Pamela Lindstrom and Kimberly Holz Lindstrom for damages for negligently causing the death of Kayla Wood. On or about November 7, 2002, Kayla Wood's father, plaintiff herein Clarence Jonathon Wood, filed an action for damages against Ralph and Pamela Lindstrom and Kimberly Holz Lindstrom in Humboldt County Superior Court for negligently causing the death of Kayla Wood. Thereafter, the two actions were consolidated by the Court for all purposes and are hereinafter referred to as "the underlying action".

12.    At some time between July 12, 2002 and June 2, 2004, defendants were put on notice of the underlying action against Kimberly Holz Lindstrom.

13.    On or about June 2, 2004, the Court entered judgment in favor of Ralph and Pamela Lindstrom and against plaintiffs in the underlying action and the underlying action thereafter proceeded against defendant Kimberly Holz Lindstrom only.

14.    From and after December 16, 2005, through and including April 24, 2006, defendants Scottsdale Indemnity Co. and Does 1 through 10, and each of them, were advised that the underlying action was coming up for Settlement Conference and Trial and were provided the specific dates for those hearings. Further, defendants, and each of them, were advised that plaintiffs

---

Complaint for Damages - Breach of Contract; Tortious Breach of the Covenant of Good Faith and Fair Dealing 3

06/12/2008 09:32 FAX                                                    ☑ 006/010

1  in the underlying action contended that Kimberly Holz Lindstrom was an insured under the Scottsdale

2  policy and that claims would be made against the Scottsdale policy. Defendants, and each of them,

3  were invited to participate in settlement negotiations between plaintiffs and Kimberly Holz Lindstrom

4  leading up to trial.

5        15.    At all times herein mentioned, defendants, and each of them, failed and refused

6  to participate in any manner in settlement negotiations between plaintiffs and Kimberly Holz

7  Lindstrom in the underlying action.

8        16.    On or about April 24, 2006, plaintiffs in the underlying action settled their

9  cases against Kimberly Holz Lindstrom in open court on the record. The terms of the settlement are

10 as follows: payment of the amount of $800,000 paid by Hartford Casualty Co. and Foremost

11 Insurance Co. for their primary insurance policy limits on behalf of Kimberly Lindstrom, in exchange

12 for a covenant by plaintiffs not to execute upon any judgment against Kimberly Holz Lindstrom's

13 personal assets other than to the extent that she is afforded coverage by insurance companies other

14 than Hartford and Foremost; an assignment by Kimberly Holz Lindstrom of any and all causes of

15 action she may have against insurance carriers other than Hartford and Foremost; a stipulation that

16 Ms. Lindstrom was legally liable for and caused the damages sustained by the plaintiffs; and that the

17 Humboldt County Superior Court would determine the amount of the plaintiffs' damages after trial

18 of that issue.

19        17.    Defendants Scottsdale Indemnity Co. and Does 1 through 10 and each of them

20 were advised by plaintiffs in the underlying action on April 26, 2006 of the foregoing settlement

21 agreement and that plaintiffs contended that Kimberly Lindstrom was an insured under the Scottsdale

22 policy. Plaintiffs demanded payment of the $1,000,000.00 limits of the Scottsdale policy in full and

23 final settlement of all claims against Ms. Lindstrom and demanded that it be paid within 30 days of

24 that date. Subsequently, the time for response to that demand was extended to June 12, 2006. On

25 or about June 5, 2006, defendants expressly declined coverage and a defense to Kimberly Holz

26 Lindstrom. Further, defendants failed to offer or to pay any amounts under the policy to settle the

27 claims of plaintiffs against Kimberly Holz Lindstrom and failed and refused to provide Kimberly Holz

28 Lindstrom with a defense in the underlying g action..

Complaint for Damages - Breach of Contract; Tortious Breach of the Covenant of Good Faith and Fair Dealing 4

18.    On or about June 16, 2006, Kimberly Holz Lindstrom assigned any and all causes of action she had against Scottsdale Indemnity Co. to plaintiffs Clarence Jonathon Wood and Heidi Collingwood.

19.    On or about August 14, 2006, the underlying action proceeded to trial in Department 3 of the Humboldt County Superior Court, Hon. Christopher G. Wilson presiding. On or about August 30, 2006, Judge Wilson entered judgment against Kimberly Lindstrom in the amount of $5 million plus recoverable costs. Thereafter, plaintiff Clarence Jonathon Wood filed a cost bill in the amount of $3,686.86; plaintiff Heidi Collingwood filed a cost bill in the amount of $4,754.56. Said judgment has become final against Kimberly Holz Lindstrom.

20.    Plaintiffs Clarence Jonathon Wood and Heidi Collingwood bring this action as judgment creditors of Kimberly Holz Lindstrom pursuant to the Scottsdale policy and California Insurance Code §11580(b)(2) to the extent that said insurance policy provides coverage to her, and as assignees of all causes of action held by Kimberly Holz Lindstrom to the extent that defendants breached said contract and the covenant of good faith and fair dealing implicit therein and caused Kimberly Holz Lindstrom to suffer liability in excess of said policy limits.

### FIRST CAUSE OF ACTION - BREACH OF CONTRACT

21.    In doing the things herein mentioned, defendants Scottsdale Indemnity Co. and Does 1 through 10, and each of them, breached the contract of insurance herein mentioned. Kimberly Lindstrom was at all times herein mentioned an insured within the meaning of the Scottsdale policy and said policy provided personal liability insurance coverage to Kimberly Lindstrom for the acts alleged in the complaints in the underlying action. Defendants, and each of them, failed and refused to comply with their obligations under said contract to defend and indemnify Kimberly Holz Lindstrom against the allegations of the complaint in the underlying action.

22.    As a direct, proximate and legal result of defendants' breach of the contract of insurance as set forth herein, plaintiffs herein obtained a judgment against Kimberly Holz Lindstrom in excess of the underlying insurance policy limits by $4,200,000. Plaintiffs herein thereby became judgment creditors of Kimberly Holz Lindstrom in said amount and herein seek to obtain the insurance policy limits of the policy issued by defendants in the amount of $1,000,000.00.

Complaint for Damages - Breach of Contract; Tortious Breach of the Covenant of Good Faith and Fair Dealing 5

23.    As a further direct, proximate and legal result of the breach of contract by defendants as set forth herein, plaintiffs have been caused and will continue to be caused to suffer costs and expenses of litigation and attorney's fees to obtain the benefits of said insurance policy in an amount according to proof.

WHEREFORE, plaintiffs pray for judgment against defendants as hereinafter alleged.

### SECOND CAUSE OF ACTION - TORTIOUS BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

24.    Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 22 of this Complaint as if set forth fully herein.

25.    In doing the things herein mentioned, defendants, and each of them, breached their covenant, promise and duty to deal in good faith with their insured, Kimberly Holz Lindstrom. More specifically, defendants unreasonably and without proper cause failed and refused to comply with their obligations under said contract to defend and indemnify the insured Kimberly Holz Lindstrom and to accept a reasonable offer to settle the underlying action against her within the limits of defendant's policy as set forth herein.

26.    As a direct, proximate and legal result of the breach of the covenant of good faith and fair dealing as set forth herein, the insured Kimberly Holz Lindstrom was caused to suffer a judgment to be entered against her in excess of the limits of the underlying insurance policies in the amount of $4,200,000.

WHEREFORE, plaintiffs pray for judgment against defendants, and each of them, as follows:

1.    For the limits of the Scottsdale policy in the amount of $1,000,000.00;

2.    For the excess judgment entered against Kimberly Holz Lindstrom in the amount of $4,200,000.00, plus costs awarded in the underlying action;

3.    For attorneys fees incurred by plaintiffs in obtaining the benefits of the contract as set forth herein, according to proof;

4.    For interest on all recoverable amounts, according to proof;

5.    For costs of litigations, and;

Complaint for Damages - Breach of Contract; Tortious Breach of the Covenant of Good Faith and Fair Dealing 6



6.    For such other and further relief as the Court may deem appropriate.

DATED:    May 22, 2008    LAW OFFICES OF DAVID P. DIBBLE

By: _____
David P. Dibble, Esq., attorneys for Plaintiff Clarence
Jonathon Wood

DATED:    5|22|08    LAW OFFICES OF ZACHARY E. ZWERDLING

By: _____
Zachary E. Zwerdling, Esq., attorneys for Plaintiff
Heidi Collingwood

Complaint for Damages - Breach of Contract; Tortious Breach of the Covenant of Good Faith and Fair Dealing 7

06/12/2008 09:33 FAX
Ø010/010

DAVID P. DIBBLE, ESQ.   (CSB# 73938)
LAW OFFICES OF DAVID P. DIBBLE
123 F Street, Suite D
Eureka, CA 95501
(707) 444-9330
Attorneys for Plaintiff Clarence Jonathon Wood

ZACHARY E. ZWERDLING (CSB# 73288)
LAW OFFICE OF ZACHARY E. ZWERDLING
123 F Street, Suite C
Eureka, California  95501
Telephone:  707-445-9628
Attorneys for Plaintiff Heidi Collingwood



FILED
MAY 2 9 2008
SUPERIOR COURT OF CALIFORNIA
COUNTY OF HUMBOLDT

Karen C.

---

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF HUMBOLDT

| | |
|---|---|
| CLARENCE JONATHON WOOD and<br>HEIDI COLLINGWOOD<br><br>              Plaintiffs,<br><br>     vs.<br><br>SCOTTSDALE INDEMNITY CO. and<br>Does 1 through 100, inclusive,<br><br>              Defendants. | CASE NO.   DR080473<br><br>**NOTICE OF INCLUSION IN<br>DELAY REDUCTION PROGRAM**<br><br>**NOTICE OF CASE MANAGEMENT<br>CONFERENCE** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that the above-entitled action has been included in the Delay Reduction
Program of the County of Humboldt.  You are required to comply with the guidelines for
program cases as set forth in California Rules of Court, Title 2, Division I., Chapters 1 through 4,
and Humboldt County local rules, 6.1 through 6.4.

You are further advised that a CASE MANAGEMENT CONFERENCE in the above action has
been scheduled FOR *Sept 15* 2008, at *8:30* a.m. in Department # *4* of the
Humboldt Superior Court.  Initial CASE MANAGEMENT STATEMENT on Judicial Council
form CM-110 shall be filed with the court and exchanged among the parties no later than 15 days
before the Case Management Conference.

Dated:  MAY 2 9 2008

                      KERRI L. KEENAN, CLERK

         By: _____ , Deputy
                        Karen C.

---

NOTICE OF INCLUSION IN DELAY REDUCTION PROGRAM

# EXHIBIT B

06/12/2008 09:31 FAX                                                      ☒002/010

6/10  11:05 AM

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Scottsdale Indemnity Company, and Does 1 through 100, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Clarence Jonathon Wood and Heidi Collingwood

RECEIVED

JUN 1 1 2008

CLAIMS LEGAL

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.   There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.   Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.   Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | CASE NUMBER:
*(Número del Caso):* | D R 0 8 0 4 7 3 |
|---|---|---|

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF HUMBOLDT
825 Fifth St., Eureka, CA 95501

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David P. Dibble, Esq. (Bar # 73938)        Phone No.: (707) 444-9330
David P. Dibble, Esq.                        Fax No.: (707) 443-0442
123 F Street, Suite D, Eureka, CA 95501
DATE:  **MAY 2 3 2008**          Clerk, by _____  Olga S.  _____ , Deputy
*(Fecha)*                        *(Secretario)*                              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*  SCOTTSDALE INDEMNITY COMPANY
   under:  ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.80 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

COPY

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

SUMMONS

Code of Civil Procedure §§ 412.20, 465

LexisNexis® Automated California Judicial Council Forms

06/12/2008 THU 09:27 [TX/RX NO 9883] ☒002

**PROOF OF SERVICE**

Clarence Jonathon Wood and Heidi Collingwood v. Scottsdale Indemnity Company

United States District Court Northern District of California Case No. DR080473

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and am not a party to the within action; my business address is 33 New Montgomery, Sixth Floor, San Francisco, CA 94105. On **July 10, 2008**, I served the following document(s) described as **NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT** on the interested parties in this action as follows:

by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| David P. Dibble, Esq.<br>Law Offices of David P. Dibble<br>123 F Street, Suite D<br>Eureka, CA 95501<br>(707) 444-9330 | Attorneys For Plaintiff CLARENCE JONATHON WOOD |
| Zachary E. Zwerdling, Esq.<br>Law Office Of Zachary E. Zwerdling<br>123 F Street, Suite C<br>Eureka, CA 95501<br>(707) 445-9628 | Attorneys For Plaintiff HEIDI COLLINGWOOD |

☒ **BY MAIL:** By placing a true copy thereof in a sealed envelope addressed as above, and placing it for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence, pleadings, and other matters for mailing with the United States Postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to FEDERAL EXPRESS for delivery to the addressee(s).

☐ **BY E-MAIL:** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☐ **BY FAX:** I transmitted a copy of the foregoing documents(s) via telecopier to the facsimile numbers of the addressee(s), and the transmission was reported as complete and without error.

☐ **BY PERSONAL SERVICE:** I personally delivered such envelope by hand to the offices of the addressee(s).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **July 10, 2008**, at San Francisco, California.

_Laura Talesnik_
LAURA TALESNIK

Selman Breitman LLP
ATTORNEYS AT LAW

153965.1  380.25532

1

**Selman Breitman LLP**
ATTORNEYS AT LAW

**PROOF OF SERVICE**

Clarence Jonathon Wood and Heidi Collingwood v. Scottsdale Indemnity Company

United States District Court Northern District of California Case No. CV 08 3335 SBA

(Superior Court of California County of Humboldt Case No. DR080473)

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and am not a party to the within action; my business address is 33 New Montgomery, Sixth Floor, San Francisco, CA 94105. On **July 14, 2008**, I served the following document(s) described as **AMENDED NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT WITH FEDERAL CASE NUMBER** on the interested parties in this action as follows:

by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

David P. Dibble, Esq.                    Attorneys For Plaintiff CLARENCE
Law Offices of David P. Dibble            JONATHON WOOD
123 F Street, Suite D
Eureka, CA 95501
(707) 444-9330

Zachary E. Zwerdling, Esq.                Attorneys For Plaintiff HEIDI
Law Office Of Zachary E. Zwerdling        COLLINGWOOD
123 F Street, Suite C
Eureka, CA 95501
(707) 445-9628

☒  **BY MAIL:** By placing a true copy thereof in a sealed envelope addressed as above, and placing it for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence, pleadings, and other matters for mailing with the United States Postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐  **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to FEDERAL EXPRESS for delivery to the addressee(s).

☐  **BY E-MAIL**: I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☐  **BY FAX**: I transmitted a copy of the foregoing documents(s) via telecopier to the facsimile numbers of the addressee(s), and the transmission was reported as complete and without error.

☐  **BY PERSONAL SERVICE:** I personally delivered such envelope by hand to the offices of the addressee(s).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

153965.1  380.25532

1

1   Executed on **July 14, 2008**, at San Francisco, California.

2

3                               LAURA TALESNIK

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Selman Breitman LLP
ATTORNEYS AT LAW

153965.1  380.25532

**Selman Breitman LLP**
ATTORNEYS AT LAW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **PROOF OF SERVICE**

Clarence Jonathon Wood and Heidi Collingwood v. Scottsdale Indemnity Company

United States District Court Northern District of California Case No. CV 08 3335 SBA

(Superior Court of California County of Humboldt Case No. DR080473)

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and am not a party to the within action; my business address is 33 New Montgomery, Sixth Floor, San Francisco, CA 94105. On **July 14, 2008**, I served the following document(s) described as **CERTIFICATE OF SERVICE OF AMENDED NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT WITH FEDERAL CASE NUMBER** on the interested parties in this action as follows:

by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

David P. Dibble, Esq.                                   Attorneys For Plaintiff CLARENCE
Law Offices of David P. Dibble                          JONATHON WOOD
123 F Street, Suite D
Eureka, CA 95501
(707) 444-9330

Zachary E. Zwerdling, Esq.                              Attorneys For Plaintiff HEIDI
Law Office Of Zachary E. Zwerdling                      COLLINGWOOD
123 F Street, Suite C
Eureka, CA 95501
(707) 445-9628

☒    **BY MAIL:** By placing a true copy thereof in a sealed envelope addressed as above, and placing it for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence, pleadings, and other matters for mailing with the United States Postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒    **BY ELECTRONIC FILING:** I have reviewed the Northern District's Policy pertaining to its procedure for electronically filing documents via CM/ECF Case Management/Electronic Case Files. .I caused the above-referenced document(s) to be served in Case No. DR080473 and as directed by U.S. Northern District.

☐    **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to FEDERAL EXPRESS for delivery to the addressee(s).

☐    **BY E-MAIL**: I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☐    **BY FAX**: I transmitted a copy of the foregoing documents(s) via telecopier to the facsimile numbers of the addressee(s), and the transmission was reported as complete and without error.

☐    **BY PERSONAL SERVICE:** I personally delivered such envelope by hand to the offices of the addressee(s).

I declare under penalty of perjury under the laws of the State of California that the

154044.1  380.25532

1

1    foregoing is true and correct.

2    Executed on **July 14, 2008**, at San Francisco, California.

3

4                                                                LAURA TALESNIK

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Selman Breitman LLP
ATTORNEYS AT LAW

154044.1  380.25532