```
LINDA WENDELL HSU   (SBN 162971)
SELMAN BREITMAN LLP
33 New Montgomery, Sixth Floor
San Francisco, CA  94105
Telephone: (415) 979-0400
Facsimile: (415) 979-2099
Email:     lhsu@selmanbreitman.com

Attorney for Defendant
Scottsdale Indemnity Company
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE JONATHON WOOD and HEIDI COLLINGWOOD,<br><br>Plaintiffs,<br><br>v.<br><br>SCOTTSDALE INDEMNITY CO.; and DOES 1 to 100, inclusive,<br><br>Defendants. | CASE NO. CV 08 3335 SBA<br><br>**DEFENDANT SCOTTSDALE INDEMNITY COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**<br><br>Date  : September 23, 2008<br>Time  : 1:00 p.m.<br>Ctrm. : No. 3, 3rd Floor<br>Judge : Hon. Saundra Brown<br>        Armstrong |

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 23, 2008 at 1:00 p.m., or as soon thereafter as the matter may be heard in Courtroom 3 of the above-entitled court, located at 1301 Clay Street, Suite 400 S, Oakland, California, Defendant Scottsdale Indemnity Company will move this Court to dismiss this action pursuant to Federal Rule of Civil Procedure, Rule 12(b)(6) because Plaintiffs' complaint fails to state a claim upon which relief can be granted, on the grounds that:

///

1. Plaintiffs' assignor, Kimberly Holz Lindstrom, is not an insured under the Personal Excess Liability Policy issued by Scottsdale to Ralph L. & Pamela W. Lindstrom. As such, Holz Lindstrom has no standing to assert any claim against Scottsdale, such that plaintiffs as assignees can state no claim for breach of contract or bad faith against Scottsdale as a matter of law.

2. Even if Holz Lindstrom is an insured under the Policy (which she is not), Scottsdale had no duty or obligation under the Policy to assume the responsibility for the investigation, settlement or defense of the underlying action. Therefore, Scottsdale could not have breached the contract or committed bad faith by failing to defend or settle the underlying action as a matter of law.

3. Even if Holz Lindstrom is an insured under the Policy (which she is not), Plaintiffs had no right to bring an action against Scottsdale until the amount of Holz Lindstrom's obligation to pay an "ultimate net loss" was finally determined. The Judgment in the underlying action (the alleged "ultimate net loss") was not entered until August 30, 2006. The Judgment was the first event that potentially triggered coverage under the Policy. Until this suit was filed, Plaintiffs did not demand that Scottsdale pay the Judgment. Thus, at the time this complaint was filed, Scottsdale could not have breached the contract or committed bad faith as a matter of law.

4. Even if Holz Lindstrom is an insured under the Policy (which she is not), any claim against Scottsdale had to have been made within twelve months after the insured became legally obligated to pay an amount of ultimate net loss. The insured

allegedly became legally obligated to pay an "ultimate net loss" when the Judgment was entered on August 30, 2006. This suit was not filed until more than twelve months later, on May 23, 2008. Therefore, this suit is time barred as a matter of law.

Based on all of the above, there is no legal theory on which relief may be granted on Plaintiffs' First Cause of Action for Breach of Contract or Second Cause of Action for Tortious Breach of the Covenant of Good Faith and Fair Dealing, such that this Motion to Dismiss should be granted without leave to amend.

This motion will be based on this Notice, the Memorandum of Points and Authorities filed herewith, the Request for Judicial Notice, the Affidavit of Linda Wendell Hsu, the Affidavit of James Hardina, Scottsdale's Index of Exhibits, the pleadings and papers filed herein, and upon such other, further oral and documentary evidence that may be presented upon the hearing of this motion.

DATED: July 29, 2008         SELMAN BREITMAN LLP

                             By: _____
                                 LINDA WENDELL HSU (SBN 162971)
                                 Attorney for Defendant
                                 SCOTTSDALE INDEMNITY COMPANY

# PROOF OF SERVICE

Clarence Jonathon Wood and Heidi Collingwood v. Scottsdale Indemnity Company

United States District Court Northern District of California Case No. CV 08 3335 SBA

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and am not a party to the within action; my business address is 33 New Montgomery, Sixth Floor, San Francisco, CA 94105. On **July 29, 2008**, I served the following document(s) described as **DEFENDANT SCOTTSDALE INDEMNITY COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT** on the interested parties in this action as follows:

by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| David P. Dibble, Esq.<br>Law Offices of David P. Dibble<br>123 F Street, Suite D<br>Eureka, CA 95501<br>(707) 444-9330 | Attorneys For Plaintiff CLARENCE JONATHON WOOD |
| Zachary E. Zwerdling, Esq.<br>Law Office Of Zachary E. Zwerdling<br>123 F Street, Suite C<br>Eureka, CA 95501<br>(707) 445-9628 | Attorneys For Plaintiff HEIDI COLLINGWOOD |

☒ **BY MAIL:** By placing a true copy thereof in a sealed envelope addressed as above, and placing it for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence, pleadings, and other matters for mailing with the United States Postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to FEDERAL EXPRESS for delivery to the addressee(s).

☐ **BY E-MAIL:** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☐ **BY FAX:** I transmitted a copy of the foregoing documents(s) via telecopier to the facsimile numbers of the addressee(s), and the transmission was reported as complete and without error.

☐ **BY PERSONAL SERVICE:** I personally delivered such envelope by hand to the offices of the addressee(s).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **July 29, 2008**, at San Francisco, California.

_____
LAURA TALESNIK

153965.1  380.25532

1